HEIRS OF WELLS *vs.* HEIRS OF CUNY ET AL.

APPEAL FROM THE COURT OF PROBATES FOR THE PARISH OF RAPIDES.

In a suit by the heirs to compel the executor of their ancestor's estate to account both as executor and tutor to the minor heirs, or to compel the heirs and representatives of such executor and tutor to settle and render an account of his administration, the settlement of the individual accounts of each heir with his tutor is improperly admitted by the Court of Probates. It should confine the settlement to the general administration of the estate, and give judgement for the balance which might appear due.

When the balance is ascertained to be due on the general account of the administration, the succession is owner, and the heirs would be entitled to such portions of it, as on a settlement of their particular accounts with the tutor might appear to be due to each.

This is an action by the heirs of the late Levi Wells against the heirs of the late Richmond E. Cuney, who was the principal acting and joint executor of Wells's estate, and tutor to the minor heirs, to compel a settlement of the administration of their ancestor's estate. There were two other persons appointed executors with Cuny. But the latter administered the estate, and also attended to the interests of the minor heirs. The plaintiffs pray for judgement against the heirs and legal representatives of Cuny, for such balance as may be found due.

Cuny's heirs plead the general issue, and aver their father in his lifetime was always ready to settle and render his account, and with that view he filed his vouchers in the Probate Court. The defendants further aver that the plaintiffs are indebted to them for money advanced to them by their father, and for their support and education, and for various disbursements made for them, which they are bound to account for, &c. The defendants pray judgement in reconvention, for the balance that may be found due to them on a settlement.

Western Dis.
October, 1832.

Wells's heirs
vs.
Cuny's heirs.

The defendants filed a detailed account of R. E. Cuney's tutorship with the minor heirs of Wells's estate, and also a separate and detailed account with each of the heirs.

The plaintiffs filed objections to each of the accounts against the heirs individually; alleging that the object of the suit was to obtain a settlement of the administration of their father's estate generally.

The probate judge charged all the heirs jointly with the disbursements, and gave the estate credit for what came into the hands of the executor, which showed a balance against the plaintiffs, for which a judgement was given in reconvention.

It appeared that S. L. Wells, one of the minor heirs, had received, as expressed in a receipt given by him to his tutor, fifteen thousand dollars, while other heirs did not receive more than one thousand dollars. Some were paid in money, and others in lands. The plaintiffs appealed.

*Dunbar*, for plaintiffs, contended:

1. That Richmond E. Cuny, the ancestor of the defendants, was the tutor of each of the minor heirs of L. Wells, deceased, severally, and that they were severally entitled, in equal proportions, to whatever property may have remained in his hands as the executor of Wells, after payment of the just debts of the estate.

2. That the expenses of the minor heirs ought not to have exceeded their revenue. *C. Code, p.* 70, *art.* 60.

3. If the charges and expenses of any one of the minors exceeded his revenue, the other heirs could not be made chargeable with the excess.

4. The general receipt of Samuel L. Wells, one of the heirs, was not good as against him; the tutor not having filed his account with vouchers, or rendered any account to the heir arrived at the age of majority. *C. Code, p.* 72, *art.* 76. 2 *Toullier*, 405.

5. The executor could not be allowed advances in money to one of the heirs, so long as there were debts of the estate to pay. 3 *Martin, N. S.* 707.

6. Richmond E. Cuney, being testamentary tutor, he was bound to pursue the will, which enjoined that the immovable property of the testator should be kept together, for the support of the heirs, and to be equally divided among them when they became of age; and the act of giving one heir his portion in money was in direct contravention of the will.

7. That a collation cannot take place between the heirs for advances to one of them by the tutor, and that the heirs who had received less than their portion have no recourse against those who have received more.

8. The probate judge erred in giving a joint judgement against the heirs of Wells, and for including in it items in the tutor's account, which were rejected.

*Rost*, for defendants, argued:

1. That this was an action to compel the defendants to render an account of their ancestor's administration and tutorship of Wells's heir and estate.

2. He contended the defendants had rendered the account required, and that there was a large balance due to them from the defendants, for which they had a right to judgement in reconvention.

*Boyce*, for plaintiffs, and in conclusion, urged that it was the duty of the tutor to keep a separate account with each heir, and that each one was alone responsible for his share of the advances made to him on account of the succession of his ancestor.

PORTER, J., delivered the opinion of the court.

The ancestor of the defendants was appointed by the father of the plaintiffs jointly, with two other persons, executors of

his last will and testament, and tutor to his then minor children. He assumed, in conformity to the appointment, both these offices, and continued in the discharge of the latter, until several of the plaintiffs came of age, but died before he rendered them an account of his administration.

This action is brought to compel his heirs and one of the executors, to render an account. It is somewhat difficult to say, whether the suit against the defendant is for their ancestors' administration as testamentary executor, or merely as tutor; but we conclude from the whole of it, that it embraced both. The proceedings against the co-executor, after he filed his answer, seem to have been suspended, and the cause was litigated between the parties before the court.

The defendants, with their answer, filed several accounts; one, exhibiting payment and disbursements made generally, for the estate; and the others, showing the state of his account against each individual heir. The plaintiffs filed objections to those accounts; and, among other things, alleged that the defendants could not introduce into this action, the charges against the individual heir, the same having been brought to obtain a settlement of the general administration of the estate. The probate judge, however, in making up his judgement, charged the plaintiffs jointly with all the moneys which had been paid by the defendants' ancestor, either as executor or tutor, and crediting them with the amount which had come into his hands, in both capacities; gave judgement jointly against the plaintiffs, in pursuance of the defendant's prayer in reconvention, for the balance which appeared to be due to them.

The mixing up so great a variety of matters in this judgement, has produced such confusion in this case, that we have had difficulty in seeing our way through it. The judge of probates was probably misled by the looseness and general terms of the petition; but on a fair consideration of it, we do not think it authorized the inquiry he went into. The circumstance of all the heirs joining in the petition for an account, and that of their making another executor defen-

WESTERN DIS.
October, 1832.

WELLS'S HEIRS
vs.
CUNY'S HEIRS.

dant; added to the allegations in the petition in respect to the administration, has produced on our minds the conviction just expressed. It is true, after alleging the neglect and responsibility of the executors, they add that the ancestor of the defendants continued to act as their curator and tutor; but the averments which follow this statement, show clearly that it was not for the administration of their particular property, but that of the estate generally, which they require him to account for; for they add, that in that capacity, "he continued to administer the estate, to receive the rents due the same, and collect debts, and that he departed this life without rendering a final account."

We are, therefore, of opinion that the inquiry into and settlement of the individual account of each of the plaintiffs with their tutor, was improperly made in the Court of Probates. The judge should have confined himself to the general account of the administration of the estate, and gave judgement for the balance which might appear due.

Of the amount so ascertained, the succession would be considered as owner, and the heirs would be entitled to such portions of it as on a settlement of their particular accounts with the tutor, might appear due. Whether on that settlement, each is entitled to an equal share of the balance found due on the general account, or whether their recovery of any portion of it must not be preceded by a partition of the whole estate, showing what portion of it falls to each, is a question which we may hereafter be required to decide, which is by no means free from difficulty, and on which it would not be proper we should now express an opinion.

But as this judgement can properly do nothing more than ascertain the balance due to the estate of the testator, execution should not issue on it. When the heirs call on the tutor to render an account of his tutorship of each, the sum which may be ascertained to be due by the judgement which may be rendered on the issue joined in relation to the general account, must be subject to such offsets as may proceed from payments legally made to them individually. In this mode

In a suit by the heirs to compel the executor of their ancestor's estate to account both as executor and tutor to the minor heirs, or to compel the heirs and representatives of such executor and tutor to settle and render an account of his administration, the settlement of the individual accounts of each heir with his tutor is improperly admitted by the Court of Probates. It should confine the settlement to the general administration of the estate, and give judgement for the balance which might appear due.

When the balance is ascertained to be due on the general account of

WESTERN DIS.
October, 1832.

the sum really due to each heir can be easily examined into and correctly determined. Under the course pursued by the Court of Probates, it appears to us impossible to adjudicate legally and satisfactorily on so many conflicting interests. An objection was made to the right of one of the heirs to appeal from the judgement rendered against a coheir, Samuel L. Wells. It appears to us he had an interest, as the amount debited against that heir diminished the balance which would otherwise be due to his coheirs. The plea of prescription is not, in our opinion, sustained, as no account appears to have been rendered to the minor when he came of age.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the Probate Court be annulled and reversed; and it is further ordered, that this cause be remanded, to be proceeded in according to law; the appellees paying the costs of this appeal.