## No. 10,695.

TUTORSHIP OF THE·MINORS, HENRY F. AND THOMAS T. SCARBOROUGH.

ON RULE BY O. H. P. SAMPLE VS. R. N. SCARBOROUGH, NATURAL TUTOR.

1. An exception of no cause of·action must be determined by the averments of the plaintiff's petition, construed with the recitals of accompanying documents which are thereto annexed and made parts thereof.

2. A judgment homologating a tutor's annual account is provisional merely, and does not conclude the minor, who has a certain time after the termination of his pupilage to object to it, even though his under tutor has been cited to appear for him.

3. Primarily, tutorship is a personal trust. The tutor has the care of the person of the minor, and the administration of *his* estate; and it is of this administration the tutor is bound to render an account contradictorily with the under tutor.

4. It is unquestionably well settled that minors may come lawfully into the possession of the estate of a *deceased parent*, without there having been any previous administration thereof; but, prior to such possession being taken, and without an administrator having been first appointed, the natural tutor may *act* in the

· dual capacity of tutor and administrator, and in such case the functions as tutor will be subordinated to those as administrator, in which latter capacity he directly represents *succession creditors.*

5. When a tutor files an account, it is one apparently of administration of the succession of the deceased, in so far as it purports to deal with its assets and liabilities; but it is one of tutorship *per se,* in so far as it purports to treat of charges against capital of, or expenditures for the support and maintenance of, the minors.

APPEAL from the Tenth District Court, Parish of DeSoto. . Hall, J.

*E. W. Sutherlin* and *H. T. Liverman* for Plaintiff and Appellant:

In a case in which the tutor of the sole heirs is administering a succession without opposition from the creditors, a creditor, whose debt is acknowledged by the tutor and placed on his account, which has been homologated, has a legal right to demand the sale of sufficient property of the succession to pay his debt. 5 L. 383; 2 An. 462; 16 An. 420.

*J. F. Pierson* for Defendant and Appellee:

The homologation by the court of the annual or provisional account of the tutor during his administration, is not a judgment, final or conclusive, against his ward. It is only *prima facie* evidence of the correctness of the account, in any settlement which may afterwards be made with the minor. R. C. C. 356; 13 An. 464; 29 An. 722; 7 R. 229; 10 L. 329; 1 Rob. 111; 37 An. 222, 808; 29 An. 722.

A rule under C. P. 990, 992, to sell property of a minor, to pay a claim put upon the tutor's annual account, or due to a third person, will not lie in favor of such third person against the tutor in possession of the property for the minor. C. P. 995, 996, 65 and 66; 36 An. 747; 35 An. 828; 34 An. 39; 30 An. 93; 16 An. 420.

The succession ceases when the estate has been reduced to possession by the heir. C. C. 871; 30 An. 139; 25 An. 335; 24 An. 114; 27 An. 686; 25 An. 143, 221; 26 An. 603, 611; 28 An. 849, 372; 29 An. 412.

The opinion of the court was delivered by

WATKINS, J. Claiming to be a recognized creditor of the succession of Henry F. Fullilove, deceased, for a large sum appearing upon a duly homologated account, and alleging his inability to obtain payment thereof, plaintiff proceeded by rule against the defendant as natural tutor of the two minors, sole heirs of deceased, to compel him to pay the debt or, in default of making payment, "to show cause why so much of the property of said succession as is necessary to pay said debt, should not be sold for that purpose according to law," his averment being that said defendant qualified as natural

tutor on the 6th of March, 1885, "and that in said capacity he has since been administering the succession left by said deceased, the inheritance of said minors."

To this rule the defendant excepted on the ground that "plaintiff's petition has not set forth or shown any cause of action or legal right to the relief sought herein," and he, therefore, prayed that his demand be rejected.

That exception was by the court sustained and the suit dismissed. It is from that judgment that plaintiff in rule prosecutes this appeal.

The question of no cause of action thus raised must be ascertained and determined on the face of the petition of the plaintiff for rule, and for the purposes of decision, the averments of the petition must be taken as true.

The District Judge was of opinion and decided that the defendant's exception was well taken for the reason that the account and judgment invoked by the plaintiff in rule, show that the account was only an annual account filed in conformity to the provisions of Article 356 of the Revised Civil Code and, therefore, the judgment homologating same only furnishes *prima facie* evidence of the correctness of the account homologated; and that, notwithstanding, the tutor took charge of the estate of the ancestor of his wards without any previous administration, and has ever since been administering it as tutor, such possession and administration are for the benefit of the heirs and governed exclusively by the laws of tutorship and not by the laws governing the administration of successions—hence a creditor of the deceased, or of his succession, must proceed in the collection of his claim in a direct action under C. P. Article 996, and not by rule under C. P. Article 990.

It appears from the plaintiff's petition for rule, that the account and judgment of homologation are annexed thereto and are made parts thereof, and same may be properly considered and treated as parts of the petition for all the purposes of this argument. The District Judge entertained this view and referred to them in his reasons for judgment.

In addition to the quoted references to the petition and annexed documents, they show the following additional facts, viz: That H. F. Fullilove, grandfather of the minors, died in 1885, and in February of that year, the defendant qualified, and was confirmed natural tutor, and in that capacity has since administered the succession of said

deceased.. That on the 14th of February, 1889, said tutor filed "an account with the tutorship of the minors," which shows "*property received from the succession* of the deceased, as per inventory in same, $39,305.58." That *as against these values*, the accountant claimed credits aggregating $11,000 in amount, and also, presented the claim of the plaintiff in rule of $3,076.93 "for recognition and allow- ance by the court" — thus exhibiting the solvency of the succession to the extent of more than $20,000, on the face of the account. That these values are chiefly made up of real estate, say $15,000; movable effects, about $4500; merchandise, $8000, and a large amount of mercantile rights and credits. That on the trial of the account, the judgment of homologation disallowed the claim of the tutor for ser- vices, etc., $2700; also, his claim for the support and tuition of minors, *as against the capital of the minors*, of $1054.78; and reduced his claim of $4266.56 for debts of deceased paid by him, to $1187.63; thus increasing the solvency of the succession, apparently, by the amount of $6743.71. That on the filed account, the claim of the plaintiff is set out circumstantially, as a "note given by the tutor to O. H. P. Sample for debts paid by him for the tutorship." That upon the account is endorsed an order of the judge directing that "due notice of the filing of this account issue, and same be posted and published for the time, and in the manner required by law." That the under tutor accepted service of the account and waived citation. That the judgment of homologation approved the account (with the exceptions named) in its entirety, and decreed "that the claims thereon in favor of the claimants be paid by the tutor with interest from date." That judgment was signed, filed and recorded.

On this state of facts the question for decision is, whether that judgment liquidated plaintiff's debt against the *open succession of the deceased*, so as to entitle him to proceed by rule, under C. P. 990; or is it only such a judgment as furnishes *prima facie* evidence of the correctness of the claim allowed (R. C. C. 356) and carried on the homologated account, not dispensing the creditor from an ordinary suit for an additional judgment liquidating his demand, as against "*heirs in possession*" of their grandfather's estate, as contemplated in C. P. 996.

Primarily, "tutorship is a personal trust." R. C. C. 315.

While the tutor has the "care of the person of the minor," it is

also his duty to "administer *his* estate." R. C. C. 336. "The mission of the tutor is to administer the estate of the minor." Succession of Webre, 16 An. 420.

It is of *this* administration "the tutor is bound to render an account * * * contradictorily with the under tutor," and the judgment of homologation whereof is only *prima facie* evidence of the account "homologated" in any subsequent settlement with the minor. R. C. C. 356.

It was such an account that the court had under consideration in Porche vs. Ledoux, 12 An. 450; Tucker's Succession, 13 An. 464; Stafford vs. Villain, 10 La. 329; and in McGee vs. Dupuy, 7 R. 229.

In treating of such an account in Lay vs. Succession of O'Neil, 29 An. 725, the court said: "The judgment homologating the several annual accounts are provisional merely, and do not conclude the minor who has a certain time after the termination of his pupilage to object to them, even though his under tutor may have been cited to appear for him."

The same doctrine is announced in Cochrane vs. Violet, 37 An. 221.

But it must be observed that in all of those cases the accounts considered purported to liquidate the indebtedness of the tutrix to the pupil, or *vice versa*. They were accounts of tutorship *per se*. Bidell vs. Colder, 37 An. 805, presents a like issue and account.

But the case of Soye vs. Price, 30 An. 93, is much relied upon by defendant's counsel.

That case arose prior to the adoption of the Constitution of 1879, which conferred upon district courts throughout the State unlimited jurisdiction in civil and probate matters, and the question was, whether the Sixth District Court of the parish of Orleans had jurisdiction to entertain an *ordinary* suit in the foreclosure of a special mortgage which had been consented by a deceased person, and a supplemental special mortgage consented by one major heir who had unconditionally accepted the succession, and the natural tutor of two minors, who was duly authorized thereto by a family meeting.

The court held that the Sixth Court had jurisdiction because "there was no doubt, and no dispute, that the tutor and the (emancipated) heir who had accepted unconditionally are in full *possession and enjoyment of the estate of the deceased.* * * * The estate, so far as it belonged to the minors, was *in fact* in the hands and under the administration of their tutor and, so far as it appears, is so yet."

The decision of that case rested upon the proposition "that minors (who are beneficiary heirs of necessity) may come lawfully into the possession of the estate of the *deceased parent* without there having been any previous administration thereof."

The case of Lemmon vs. Clark, 36 An. 774, while recognizing and affirming the correctness of the principles of Soye vs. Price, pointed out the distinguishing features of another class of cases in which the tutor acted *as* administrator, and as such, administered the *succession of the deceased* for account of its creditors, primarily. The court say: "The cases quoted by counsel for plaintiff are all cases in which the tutor held in a dual capacity of tutor, *and* executor or administrator, and it was there held that the functions as tutor were subordinated to those of executor or administrator, in which latter capacity she directly represented the creditors. But here the tutor acted in that capacity alone and, under the doctrine of Soye vs. Price, represented the minors only, held possession for them, and 'all of her acts are in the name and behalf of her wards.' As representative of the beneficiary heirs in possession, creditors of the succession had the right to sue them through her and to recover judgment, restricted of course, in its operation to the property inherited by them."

The cases which come within that exceptional class referred to, in which the right of the tutor is recognized to administer, *ex virtute officii*, an estate falling to his wards as an inheritance, are numerous, and of an early period in our jurisprudence. *Vide* Wells vs. Cuny, 4 La. 489; Bey vs. Dowell, 1 R. 112; Martin vs. Dupré, 1 An. 239; Bryan vs. Atchison, 2 An. 462; Succession of Story, 3 An. 502; Mouget vs. Penny, 7 An. 134; Hoover vs. Sellers, 5 An. 180; Hair and Lobuzan vs. McDade, 10 An. 534; State vs. Leckie, 14 An. 641; Woolfolk vs. Woolfolk, 20 An: 573.

Applying the principles of these cases to the case stated by the plaintiff in rule, we think it *apparently* belongs to the exceptional class pointed out in Lemmon vs. Clark, the defendant tutor holding the dual capacity of tutor and administrator, and that his account in so far as it purports to deal with the assets and liabilities of the succession of the deceased ancestor, is one of administration; and, in so far as it appertains to charges made against capital of the minors, on account of alleged expenditures for their service and maintenance, is one of tutorship only—the rendered account having been notified to creditors of said succession by advertisement, and to the under

tutor by citation.   But while we think it does not *appear* from the pleadings and account that the minors Scarborough have entered into possession of their grandfather's estate as an inheritance, yet upon issue joined and trial had, this fact may be made to appear. Until this fact is made to appear affirmatively, we must hold that a tutor, acting as administrator of an *open* succession, does not possess, apparently, for the heirs, and that the property will not pass to him, *as tutor*, until his administration as such is terminated.

Possessing the *prima facies* of an account of administration, on which the claims of creditors of the deceased are entered, a judgment of homologation thereof would seem to entitle plaintiff, as such a creditor, to proceed by rule for the collection thereof.   On this theory, we are of the opinion that the petition and annexed documents disclose a cause of action, and that the District Judge erroneously sustained the defendant's exception.

It is therefore ordered and decreed that the judgment appealed from be annulled and reversed; and it is now ordered that the defendant's exception of no cause of action be overruled, and that the cause be remanded for further proceedings according to law and the views herein expressed; the defendant and appellee to pay costs of appeal, and those of the lower court to await final judgment.