## No. 1961

### Second Circuit Appeal

### GRACE LEWIS v. POLICE JURY, RAPIDES PARISH

(Jan. 12, 1925, Opinion and Decree.)
(Feb. 20, 1925, Opinion and Decree on Rehearing.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Pleading—Par. 62.**
An exception of no cause of action should not be sustained because plaintiff closed case without introducing any evidence to show that the deceased at the time of the accident was working within the scope of his employment. It must be determined by the averments of plaintiff's petition.

2. **Louisiana Digest—Pleading—Par. 7.**
It is inconsistent pleading to set up defenses to an action and afterwards plead no cause of action.

3. **Louisiana Digest—Appeal—Par. 562, 564.**
Questions not raised in the lower court cannot be passed on in the Court of Appeal.

4. **Louisiana Digest—Holidays—Par. 2.**
Act No. 6 of 1921 provides that it shall be lawful to take and execute all other legal proceedings on Saturday half-holidays. The Saturday half-holiday in the city of Alexandria is a local half-holiday and as such does not apply to the District Court for the Parish of Rapides.

5. **Louisiana Digest—Master and Servant— Par. 160 (a).**
Where, in a suit for compensation under the Employers' Liability Act No. 20 of 1914, the defense is that the deceased willfully killed himself and there is no evidence to show that at the time of the explosion deceased was willfully trying to injure himself or to commit suicide, or that he failed to use a device or guard against accident provided by the employer, plaintiff is entitled to judgment.

6. **Louisiana Digest—Interest—Par. 22.**
In view of Article 2924 and Article 1838 of the Civil Code, judgments in cases for compensation under the Employers'

Liability Act No. 20 of 1914 should bear 5 per cent interest from the dates that the respective payments are due until paid.

Appeal from the Parish of Rapides, Hon. Leven L. Hooe, Judge.

REYNOLDS, J.

Action by Grace Lewis, mother of McKinley Lewis, deceased, for damages for his death under the Workmen's Compensation Law of Louisiana.

Defendant denied liability on the ground that deceased wilfully intended to injure himself or commit suicide—or that he deliberately failed to use safe guards provided for him by the defendant.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

T. A. Carter, of Alexandria, attorney for plaintiff, appellee.

Cleveland Dear, of Alexandria, attorney for defendant, appellant.

In this case the defenant's son was killed by the explosion of dynamite while deceased was performing services arising out of and incidental to his employment; and under the plain terms of the Workmen's Compensation law, plaintiff is entitled to recover damages for his death unless the defendant can establish the defense set up by it; that deceased willfully wanted to injure himself, etc.

Under the evidence showing the conditions that existed at the time the dynamite exploded, it was impossible to show just what caused the explosion. There was no one looking at the deceased at the exact time of the explosion. The witness Webster Anderson was one of the last persons who saw him alive and says in answer to the question:

"Q. How long before the explosion was it that you saw him?

A. About two or three minutes before the explosion. I just had turned around to leave him.

Mr. W. E. White, the only other witness who testifies on this point, said: (Trans. P. 18 & 17).

Q. How long before the explosion that killed him was it that you had been with him?

A. About two or three seconds I guess and I had turned around.

Q. What was he doing when you looked at him?

A. Standing stooping over his box of dynamite on a stump twenty-four inches high.

None of the evidence introduced shows the exact cause of the explosion, but there was an explosion of dynamite, and it killed plaintiff's son while he was at work in the course of his employment.

There is no evidence to show that at the time of the explosion deceased was wilfully trying to injure himself or to commit suicide, or that he failed to use a device or guard against accident provided by the employer.

Plaintiff is entitled to judgment.

Counsel for defendant, in his briefs insists that his exception of no cause of action should be passed on. That the judgment should be set aside for the reason it was signed on Saturday a half holiday.

Counsel insists that his exception of no cause of action should have been sustained for the reasons plaintiff closed her case without introducing any evidence to show that the deceased at the time of the accident was working within the scope of his employment, etc.

Be that as it may the exception of no cause of action must be determined by the averments of the plaintiff's petition. In re. Scarborough, 43 La. Ann. 315, 8 South. 940.

It is inconsistent pleading to set up defenses to an action, and afterwards plead no cause of action. Yarborough vs. Blanks, Mannings Unreported cases 144.

Counsel insists that this court should hold the judgment absolutely null and void and to no effect, that the judgment is an absolute nullity.

If this contention is correct, then this appeal was unnecessary.

This question was not raised in the lower court, and cannot be passed on here.

Act No. 6 of 1921, cited by counsel for defendant does not appear to carry out counsel's contentions for in its last paragraph it is provided that it should be lawful to take and execute all other legal proceedings on Saturday half holidays.

The Saturday half holiday in the City of Alexandria is a local half holiday and as such does not apply to the District Court for the Parish of Rapides.

State vs. Westmoreland, 117 La. page 958, 42 South. 440.

For the reasons assigned the judgment appealed from is affirmed at defendant's cost.

---

## ON APPLICATION FOR REHEARING.

On this application for rehearing defendant has called our attention to the fact that eight per cent per annum interest is allowed in the judgment appealed from and affirmed herein.

The clause in the judgment providing "that the payments that have already become due bear interest at the rate of eight per cent per annum" is an error and must be corrected. This is an error, however, that we can correct without reopening the case, and we will, accordingly, make this correction.

Defendant insists that no interest is provided by law and that no interest can be allowed.

Civil Code, 2924, provides:

"Interest is either legal or conventional. Legal interest is fixed at the following rates, to wit: At five per cent on all sums which are the object of a judicial demand. * * *"

Civil Code, 1838, provides:

"All debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated."

Under these articles of the Code we think the plaintiff is entitled to recover interest at five per cent per annum instead of eight per cent per annum as allowed in the judgment.

It is therefore ordered, adjudged and decreed that our decree heretofore rendered remain in full force and effect, except as to the items of interest and cost of appeal. As to these two items, it is ordered, adjudged and decreed that the plaintiff recover five per cent per annum interest on each payment that has already become due, from the date they became due until paid, and five per cent per annum interest on each payment as it becomes due until paid.

It is further ordered, adjudged and decreed that the plaintiff, appellee, pay all costs of this appeal; all other costs in the case to be paid by defendant, appellant.