EMERY & a. *v.* HILL & a.

A transfer of all its property and business by a partnership to a corporation formed by the former members of the partnership and others, and the occupation by the corporation, under such transfer, of real estate leased to the partnership, constitute a breach of the lessee's agreement not to assign the lease or any interest therein.

In such a case, a written notice to the lessor, signed by the corporation, stating that the partnership elects, in accordance with the terms of the lease, to extend it for another term, does not make the corporation's subsequent occupation legal.

A lessor who receives from a stranger in possession the amount of rent due, but receipts for the same to the lessee, does not thereby make the former his tenant.

BILL IN EQUITY. January 15, 1885, the defendants leased to the plaintiffs, as partners, under the firm name of James R. Hill & Co., a certain building in Concord for the term of six years; "and if the said lessees shall so elect, and notify the lessors in writing of such election, three months at least before the expiration of said six years, for the further term of six years, making twelve years in all, if said election is made as aforesaid." The lessees covenanted that they would "not lease or underlet said

premises or any portion thereof, or assign this lease or any interests therein, without the written consent of the lessors."

The plaintiffs, as partners, occupied the leased premises for the manufacture and sale of harness until May 15, 1888, when with three others they formed a stock corporation under the statute, styled "The James R. Hill Harness Co.," and transferred to it all the assets of the firm, including all their real estate, and all the rights and privileges before possessed and enjoyed by them, the corporation assuming all the liabilities of the firm.    By mutual consent the partnership was then dissolved.    Thereupon the corporation by its officers and agents took possession of the premises, and still occupies the same, carrying on the same business as the partnership had been engaged in.    The object of changing to the corporate method of doing the business was principally that of convenience.    The nature and character of the business were in no way changed or affected, the plaintiffs sustaining the same relations to it as before, so far as its management was concerned.

The defendants had general information that the plaintiffs and others had formed a corporation in 1888, which was apparently carrying on the business in which the firm had been engaged, but they did not know how the change affected the old firm, or that the corporation had succeeded to all its assets and liabilities, or that it had been dissolved and its affairs closed up.    The rent of the premises was regularly paid according to the terms of the lease by checks signed by the firm name of James R. Hill & Co., until the formation of the corporation, since which time they have been signed "The James R. Hill Harness Co.," by the treasurer or the president.    For these payments as well after as before the formation of the corporation, the defendants gave receipts to "J. R. Hill & Co."

September 5, 1890, a written notice addressed to the defendants was served upon them, which stated that "James R. Hill & Co., the lessees under a lease from Sophia L. Hill and others, dated January 15, 1885, of number 67 and 69 N. Main street, in Concord, hereby give notice that they elect to have the said lease extended for the additional term of six years from January 15, 1891, as provided in said lease.    The James R. Hill Harness Co. Geo. H. Emery, Pres."    December 12, 1890, the defendants wrote the plaintiffs that as no notice had been given by them of a renewal, the lease would terminate January 15, 1891, but that they would be willing to lease the property to responsible parties at an increased rental.    December 15, 1890, the plaintiffs addressed a notice to the defendants electing to extend the lease for six years, and signed it by the firm name and by their individual names.

The prayer of the bill is for specific performance of the defendants' covenant to renew the lease, but by agreement of the parties the only question submitted on the foregoing facts is, whether the corporation is rightfully in possession of the leased premises.

*Samuel C. Eastman* and *William L. Foster*, for the plaintiffs.

1. The plaintiffs' notice of an election to extend the lease was sufficient. The defendants were not deceived by the superfluous and unnecessary signature of the corporate name. By the terms of the lease no signature was required. A court of equity will not allow the defendants to object to the form of the signature, when they understood fully the purpose of the notice.

2. There was no breach of the covenant against underletting or assignment. Changes in the members of a firm are no breach of such a covenant. *Roosevelt* v. *Hopkins*, 33 N. Y. 81. And a corporation is only a partnership in a new form. *Jones* v. *Railroad*, *ante*, 119. A covenant not to assign is broken only by such an assignment of the term as divests the termor of his whole legal interest or estate therein. *Fox* v. *Swann*, Style 482; *Field* v. *Mills*, 33 N. J. Law 254; *Lynde* v. *Hough*, 27 Barb. 415.

3. The plaintiffs' covenants were discharged by the defendants' waiver. *Hunter* v. *Osterhoudt*, 11 Barb. 33; *Bowman* v. *Foot*, 29 Conn. 331; *Tuttle* v. *Bean*, 13 Met. 275; *Walrond* v. *Hawkins*, L. R. 10 C. P. 342; *Roe* v. *Harrison*, 2 T. R. 425; *Whitchcot* v. *Fox*, 2 Cro. 398; *Jackson* v. *Allen*, 3 Cow. 220; *Bleecker* v. *Smith*, 13 Wend. 530.

*Streeter*, *Walker & Chase*, for the defendants.

*Per Curiam.*[*] In the defendants' lease to James R. Hill & Co., it was stipulated that the lessees should " not lease or underlet said premises or any portion thereof, or assign this lease or any interest therein, without the written consent of the lessors." This is a valid stipulation, inserted for the benefit of the lessors. The lessees' ability and willingness to pay the rent promptly, and their careful use of the premises, including the reasonable preservation of the building from reckless or careless injury and from destruction from fire, furnish some of the apparent reasons for this provision in the contract. *Roe* v. *Sales*, 1 M. & S. 297. While the lessors were willing to make Hill & Co. their tenants, they were not willing to allow Hill & Co. to substitute others as their tenants by an assignment of the lease, made without their approval.

The practical dissolution of the partnership, the substitution of the corporation in its place, and the occupancy of the leased premises by the corporation as the successor of the partnership, amounted to an assignment of the lease. The form of the assignment is unimportant. *Boston, Concord & Montreal Railroad* v. *Railroads*, 65 N. H. 393, 451–457. If, instead of adopting a corporate form of doing business, they had admitted new members

---

[*] See foot-note on page 80.

into the firm and transferred to the new partnership their interest
in the lease, the transaction would have been an assignment of
" the lease " or an "interest therein." *Varley* v. *Coppard*, L. R.
7 C. P. 505. The retention by the plaintiffs of a nominal interest
in the firm would not enable them to violate the contract with
impunity, or to deprive the defendants of their right to enforce it.
"A lessee of one hundred acres, on condition that he shall not
assign, can no more convey one acre without breaking the condi-
tion than he can ninety-nine or one hundred acres. His grant of
ninety-nine and ninety-nine one hundredths acres is no more a
breach than his grant of one hundredth of an acre." *Boston*,
*Concord & Montreal Railroad* v. *Railroads*, *supra*, 452. If the
plaintiffs could assign a hundredth part of their interest as les-
sees, they could assign ninety-nine one hundredths of it. It is
one of those cases in which no line can be drawn between a great
and a small violation of the contract. If the case of *Roosevelt* v.
*Hopkins*, 33 N. Y. 81, holds that, although it is stipulated in the
lease that the lessees shall not sublet or assign the premises, they
may assign anything less than the whole premises, it is not in
accord with the settled law of this state.

The formation of the corporation by the members of the old
firm and others who were allowed to become stockholders, pre-
sents additional objections to those already mentioned in the case
of the admission of new members to the firm. If the assignment
of the lease to the corporation was valid, the lessors' rights in
respect to payment of, and security for, the rent might be mate-
rially impaired. The personal liability of the plaintiffs as part-
ners for the rent, and their liability as stockholders of a corpora-
tion under Gen. Laws, *c.* 149, would not be the same. That dif-
ference is often one of the reasons for forming corporations
instead of unincorporated partnerships. So far as it is favorable
to the stockholders, so far it is unfavorable to the corporate credi-
tors. As new stockholders may acquire control of the corpora-
tion, and as the original incorporators may cease to have an inter-
est in the corporate affairs, it is plain that the personal integrity
and carefulness which the lessors sought to secure by the provi-
sion in the lease against the lessees' assignment of it, would also
cease, and the recklessness of others might be substituted; and
the lessors would be deprived of the security against careless
injury to the property for which they stipulated, if it is held that
the corporation's possession of the defendants' real estate is right-
ful. The change from a partnership to a corporation was a sub-
stantial change, and not a mere matter of form.

Whether this result amounts to a forfeiture of the lease, so that
an occupancy by the original members of the dissolved firm would
be wrongful, need not be considered. If the legal right of the
firm to the possession of the premises was not terminated by its
voluntary dissolution and its unlawful assignment of the lease to

the corporation, the term of six years for which the lease was given has expired and there has been no valid renewal of it. The attempt to extend the lease for an additional term of six years was ineffectual so far as the corporation is concerned. It was provided in the lease that the lessees might extend it for a further period of six years by notifying the lessors in writing of their election so to do three months before the expiration of the original lease. Whether the paper given to the defendants on September 5, 1890, was a notice given by anybody is an interesting question. It states that " James R. Hill & Co. the lessees . . . hereby give notice that they elect to have the said lease extended," and is signed " The James R. Hill Harness Co. Geo. H. Emery, Pres." If this was a notice by the partnership, it did not make the possession of the corporation legal; if it was a notice by the corporation, it could have no effect, for legal notice could only be given by the partnership; and if it was a notice by neither, the same result follows. The corporation's wrongful possession could only be made legal by legal methods; and the service of this paper upon the defendants was not a legal method of extending the corporation's illegal possession for a series of years. Nor was the service of the notice of December 15 sufficient, because the time had then expired within which the partnership could elect to have an extension of the lease.

It is claimed, that the defendants have so recognized the corporation as its tenant under the lease, that they have waived their right to a notice of extension from the partnership. If the receipt of rent from the corporation by the defendants, recognizing them as tenants, would be a waiver, there has been no such recognition. After the formation of the corporation, the rent was paid by checks signed by the corporation; but the defendants took special care not to recognize the corporation as their tenant, and plainly repudiated the relation of landlord and tenant as to the corporation, by giving receipts for the rent to the unincorporated partnership. There was no waiver, and the lease has not been extended.

*Case discharged.*

ALLEN and CHASE, JJ., did not sit: the others concurred.