MONMOUTH COUNTY ELECTRIC COMPANY, PLAINTIFF IN ERROR. v. CONSOLIDATED GAS COMPANY OF NEW JERSEY, DEFENDANT IN ERROR.

Submitted March 25, 1912—Decided June 20, 1912.

A contract for the furnishing of electric current at a stipulated rental for a fixed period of three years provided that the party furnishing the current "agrees to renew this contract at its expiration for an additional three years should the party of the first part desire such a renewal"—*Held*, that the party furnishing the current was not bound to renew unless the desire of the other party for such renewal was communicated on or before the last day of the original term.

532    COURT OF ERRORS AND APPEALS.

Monmouth Co. Elec. Co. v. Gas Co.    *83 N. J. L.*

On error to the Supreme Court.

For the plaintiff in error, *McDermott & Enright.*

For the defendant in error, *Frederick W. Hope* and *Edmund Wilson,* attorney-general.

The opinion of the court was delivered by

PARKER, J.  The sole question raised by this writ of error is the propriety of the nonsuit entered in the court below.  The solution of this question depends on the effect to be given to the written contract between the parties.  The electric company, operating a trolley railroad line and needing electric current for that purpose, contracted with the gas company, which had facilities for furnishing such current, for the necessary supply.  The contract is dated February 1st, 1905, and by it the electric company agreed to buy from the gas company all electric current it might use "within the period of three years from date (that is, from February 1st, 1905, to February 1st, 1908)," and to pay therefor three cents per kilowatt, the electric company, the purchaser, also agreeing to furnish and keep in repair all electric apparatus necessary for the generation and supply of said current.  The gas company faithfully performed this contract for the term specified, but thereafter refused to continue the supply except at a higher rate, and the present suit was to recover damages for such refusal, basing the alleged right to a continuance of the supply at the same rate after February 1st, 1908, upon a "renewal clause" contained in the contract, and which reads as follows:

"12th. The party of the second part [the gas company] agrees to renew this contract at its expiration for an additional three years, should the party of the first part desire such a renewal, and it is further agreed by the party of the second part to allow the party of the first part, at the expiration of this contract, to remove all of its electrical apparatus from the plant of said party of the second part if desired by the party of the first part."

The ground taken by the trial court was that this clause conferred an option which must be exercised not later than February 1st, 1908, and had not been so exercised; or in any case that such option must be exercised within a reasonable time after February 1st, 1908, and that a reasonable time had elapsed before any attempted exercise of the option.

We consider that the judgment of nonsuit should be affirmed, and are content to rest our decision on the first ground taken in the trial court, viz., that the desire of the plaintiff for a renewal should have been communicated to defendant on or before February 1st, 1908. The renewal clause above quoted is similar to that found in many instruments of demise, and as to such its effect is not in doubt. Where a lessee is entitled to a renewal of his lease, he must give notice promptly at or before the expiration of the first term or according to the agreement. *Jones Land. & Ten.,* § 339; *Thiebaud* v. *First National Bank,* 42 *Ind.* 212, 219. In *Darling* v. *Hoban,* 53 *Mich.* 599, the option of renewal lay with the landlord and was exercised on the day the lease expired, the questions in dispute relating to authority of agents and sufficiency of notice. The clause of renewal reads: "In case said first party shall elect at the termination of said five years to renew this lease," &c., and the court viewed the rule as settled that such election must take place on or before the last day of the term.

*Renoud* v. *Daskam,* 34 *Conn.* 512, is precisely in point. The landlord's covenant was that "after the expiration of said term of five years he will, if thereto desired by said Renoud, make and execute to said Renoud a lease of said premises for the further term of five years, upon the terms and conditions in this lease contained." No notice of a desire to renew was given until the day after the expiration of the lease, and it was held that the lessee was bound to express his desire of renewal, and do so on or before the expiration of the original term.

We see no difference in the character of the contract under consideration or in the relations of the parties that calls for the application of any different rule than the above. The contract was for a definite term which required renewal if the

534    COURT OF ERRORS AND APPEALS.

Monmouth Co. Elec. Co. v. Gas Co.    *83 N. J. L.*

service of electric current was to continue after the date of expiration. As was said in the Connecticut case, the phrase "at its expiration" refers to the renewal and not to the exercise of the option; and it was as important to defendant as to a landlord to know in due season whether a renewal was desired in order to adapt its other business to the conditions arising from renewal or lapse of the contract, as the case might be. The defendant seems to have acted fairly in calling attention on January 31st to the expiration of the contract and to the absence of any notice of renewal up to that time.

The authorities cited with respect to options of purchase of land or personalty are not in point. Apart from differences in language there is an essential difference between the renewal of an existing *status* at the end of a fixed term and the right to make a purchase or a conversion or serving notice. If the option in the case at bar had been for the plaintiff to purchase defendant's plant at a fixed price, on the expiration of the term, a different rule might perhaps apply. But that point is not before us and no decision on it is intimated.

It is not pretended that any communication, either in writing or orally, was made to defendant of plaintiff's desire to renew, on or before February 1st, 1908. The nonsuit was right and the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, VROOM, CONGDON, WHITE, TREACY, JJ. 15.

*For reversal*—None.