## CLAYMAN et al. v. TOTTEN.

(Court of Appeals of District of Columbia. Submitted December 9, 1925. Decided. January 4, 1926.)

No. 4265.

Landlord and tenant ⬤══86(2)—Lessee's right to renewal held lost by failure to give notice of intent to claim it.

Lessees, entitled to renewal of lease "on three months' written notice of intention to claim such privilege," lost right by failure to give notice until within less than three months of expiration of lease.

Appeal from Supreme Court of the District of Columbia.

Suit by Samuel M. Clayman and another against Howe Totten for specific performance of a written lease. From a decree on demurrer for defendant, plaintiffs appeal. Affirmed.

E. H. Jackson, of Washington, D. C., for appellants.

M. D. Rosenberg and Max Rhoade, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. The plaintiff below filed a bill, seeking a decree for the specific performance of a certain written lease. The defendant filed an answer, which had the effect of a general demurrer to the

bill. The lower court held against the bill, and dismissed it, with costs. Hence this appeal.

It appears from the allegations of the bill that on May 27, 1919, the defendant, Howe Totten, duly executed a written lease to one John B. Newman for certain real estate situate within the District of Columbia, for a term of five years, beginning June 1, 1919, with the agreement that at the expiration of this period the lessor would lease the premises for a further term of five years upon similar conditions to the lessee, "upon three months' written notice of intention to claim said privilege." The lessee Newman entered into possession under the lease, and on November 12, 1920, assigned the lease and all his rights thereunder to the appellants, Samuel M. Clayman and Harry I. Clayman. The term of five years provided by the lease expired on June 1, 1924; consequently the period of three months next preceding that date began with March 1, 1924. The lessees, however, failed to notify the lessor on or before that day of their intention to claim the privilege of renewing the lease, but afterwards, to wit, on March 24, 1924, they sent a written notice to the lessor to that effect. The lessor immediately refused to grant the renewal, claiming that the privilege had lapsed, owing to the failure of notice within the time required by the lease. The appellants contend, nevertheless, that they are entitled to the renewal, and that they would suffer great injury to the business which they have established upon the premises, should it be denied them. The sole question in the case, therefore, is whether the lessees' right to a renewal lapsed because of their failure to notify the lessor of their election on or before March 1, 1924.

We think the lower court was right in dismissing the bill. The three months' notice required by the lease was a condition precedent, which the lessees were bound to comply with before they could claim the right to a renewal. This they failed to give; consequently the right was lost to them. It was not claimed that the lessor in any manner waived the performance of the condition, nor that the delay in giving the notice resulted from any act or omission of the lessor, nor is any peculiar equity alleged as an excuse for the delay. No consideration of public policy is involved, for the parties to the lease were entitled to stipulate, as in effect they did, that the time limit for the notice should be an essential term of the agreement.

In Donovan Motor Car Co. v. Niles, 246 Mass. 106, 140 N. E. 304, it was held that a suit in equity to enforce a provision of an option for the renewal of a lease of real estate cannot be maintained, where, in order for the option to be effectual, the lessee was required to give notice of his intention to exercise it three months before the expiration of the term of the lease, and such notice was not given, nor was its requirement waived by the landlord, for "time is of the essence of an option." See, also, Bluthenthal v. Atkinson, 93 Ark. 252, 124 S. W. 510; Jackson Brewing Co. v. Wagner, 117 La. 875, 42 So. 356; Emery v. Hill, 67 N. H. 330, 39 A. 266; Dikeman v. Sunday Creek Coal Co., 184 Ill. 546, 56 N. E. 864; Electric Co. v. Gas Co., 83 N. J. Law, 531, 83 A. 900.

The decree of the lower court is affirmed, with costs.