ALEXANDER AIELLO ET AL. *v.*
HERMAN AUSTRIAN ET AL.
(2458)

HULL, BORDEN and SPALLONE, Js.

Argued June 6—decision released August 28, 1984

*Bruce L. Levin,* with whom, on the brief, was *Serge G. Mihaly,* for the appellants (plaintiffs).

*Daniel Green,* for the appellees (defendants).

BORDEN, J. This suit was brought for damages claimed to have arisen from the defendants' alleged breach of a lease provision prohibiting assignment of the lease or subletting without the lessors' permission. The trial court found there was no assignment but rendered judgment for the amount still owing for rent. The plaintiffs appeal[1] claiming there was an assignment as a matter of law.[2] We agree with the trial court's determination that no assignment occurred.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

[2] The trial court found in the alternative that the plaintiffs had waived

The facts are undisputed. The plaintiffs executed a lease in 1964 with the defendants, who are physicians, to rent premises for the defendants' medical practice which they operated as a partnership at that time. The lease term, with renewal options, ended on April 30, 1981. The lease included a covenant restricting the lessees' right to assign or sublet the premises without the written consent of the lessors and providing that upon such an assignment or subletting, the lease would terminate.

In November, 1978, the defendants formed a professional corporation, of which they were the sole shareholders, and ceased to operate as a partnership. No change in the nature and scope of their medical practice occurred, other than altering the name on signs, letterheads and bank accounts. The defendants sought the permission of the plaintiffs to assign the lease to their professional corporation but the plaintiffs refused.

Thereafter, rent was paid using corporate checks, which the plaintiffs accepted without objection. The defendants did not pay the rent in March or April, 1981, totaling $1090, but the plaintiffs later collected $1050 of this unpaid rent, leaving a balance of forty dollars.

In June, 1980, the plaintiffs sued for the fair market rental value of the premises from November, 1978, to the end of the lease term, April 30, 1981, alleging that the defendants had breached the covenant against assignment by changing the form of their medical practice and thus were tenants at sufferance. The trial court found that no assignment had occurred and rendered judgment for the plaintiffs for the balance of the rent.

any breach resulting from the nonassignability clause. The plaintiffs also take issue with this finding. In view of our conclusion sustaining the trial court's finding that there was no assignment, we need not consider the waiver issue.

The sole issue on appeal is whether, as a matter of law, an assignment occurs in violation of a covenant against assignment merely because the form of the lessee's business changes from a partnership to a corporation. We conclude that it does not.

Although there is no Connecticut authority precisely on point, the proper path is well illuminated. "The burden of proving that there was a subletting or assignment is upon the party asserting it, which in this case is the . . . landlord; and where the facts are in dispute and conflicting inferences may be drawn therefrom, the question whether there was a tenancy is one of fact . . . ." *Galluzzo* v. *Mannino,* 110 Conn. 507, 513, 148 A. 347 (1930) (where individual lessees permitted corporation, owned in part by them, to occupy leased premises and conduct related business, corporation was a licensee and no violation of covenant against subletting or assignment took place). A covenant against assignment, and thus against alienation, is disfavored and must be construed strictly against the landlord. 3A Thompson, Real Property § 1211; see *Galluzzo* v. *Mannino,* supra, 513.

*Galluzzo* is consistent with cases from other jurisdictions. We hold that whether a change in the form of a lessee's business from a partnership to a corporation violates a covenant against assignment is a factual question, to be resolved by reference to such factors as whether there was an essential change in personnel, whether the change was substantial or merely one of form, and whether the interests of the landlord are affected by the change. *Sexton* v. *Nelson,* 228 Cal. App. 2d 248, 39 Cal. Rptr. 407 (1964); *Giaise* v. *Cuccia,* 420 So. 2d 700 (La. App. 1982); *Buckeye Development Co.* v. *Feingold,* 626 S.W.2d 456 (Mo. Ct. App. 1981); *B.J. Galligan & Co.* v. *P.S.M., Inc.,* 116 Misc. 754, 191 N.Y.S. 523 (1921); Bennett, Law of Landlord and Ten-

ant § 290; 3A Thompson, Real Property § 1212; see also *Citizens Bank & Trust Co.* v. *Barlow Corporation,* 295 Md. 472, 456 A.2d 1283 (1983).[3]

In this case, the trial court concluded as a matter of fact that the mere change in form from partnership to corporation did not amount to an assignment. Not only was that finding not clearly erroneous, it was the only rational conclusion which could have been reached on the facts of this case.

There is no error.

In this opinion the other judges concurred.

---

[3] We are not persuaded by the plaintiff's reliance on *Emery* v. *Hill,* 67 N.H. 330, 39 A. 266 (1892), which is factually distinguishable. To the extent, moreover, that it may be read as holding that an assignment results as a matter of law from the lessee's change from partnership to corporate form, we disagree with it.