**TRUEMAN–ASPEN COMPANY, an Ohio limited partnership, Plaintiff-Appellee,**

v.

**NORTH MILL INVESTMENT CORPORATION, d/b/a Great Western Spirit Company, Defendant-Appellant.**

**No. 84CA1188.**

Colorado Court of Appeals, Div. III.

June 5, 1986.

Rehearing Denied July 3, 1986.

Certiorari Denied (North Mill) Oct. 20, 1986.

Martin H. Kahn, Aspen, Rothgerber, Appel, Powers & Johnson, Charles Goldberg, Thomas M. Domme, Denver, for plaintiff-appellee.

Conover, McClearn & Heppenstall, P.C., Michael S. McCarthy, Denver, Klein, Seigle, Delman & Krabacher, P.C., James H. Delman, Aspen, for defendant-appellant.

METZGER, Judge.

The issue in this forcible entry and detainer action is whether a tenant's negligent failure timely to exercise an option extending a lease warrants application of the doctrine of equitable intervention. We conclude that it does not and, therefore, affirm the summary judgment entered in favor of plaintiff, Trueman-Aspen Company (Trueman), and against defendant, North Mill Investment Corporation, d/b/a Great Western Spirit Company (Great Western).

The facts are not in dispute. On April 5, 1977, Trueman leased to Great Western certain premises to be built in Aspen, Colorado, for a term of five years from occupancy and granted two successive five-year renewal options. The lease provided that "the lessee shall exercise its option, in writing, 120 days prior to the expiration of the original five year term." Great Western began its tenancy on January 16, 1979, and it failed to notify Trueman of its intent to exercise the first option prior to January 15, 1984, the expiration of the leasehold.

On January 20, Trueman notified Great Western that the lease had expired and that it could remain in the premises as a month-to-month tenant until further notice. On January 24, Great Western notified Trueman in writing of its intent to renew

the lease, explaining that it had, at all times, intended to exercise the option but that it had failed to do so through inadvertence.

On May 29, 1984, Trueman notified Great Western that it had 30 days to vacate the premises. Great Western refused, and Trueman commenced this forcible entry and detainer action. Great Western's answer to Trueman's complaint admitted the above facts, and asserted the defense that equity should intervene to permit the late exercise of its option to renew the lease so as to allow it to avoid an adverse economic impact.

In granting Trueman's motion for summary judgment, the trial court found that there were no genuine issues of material fact, and refused to apply the doctrine of equitable intervention. We agree with that disposition of the case.

■ The terms of an option to extend a lease must be strictly adhered to in order to enforce the exercise thereof. *Buckley Bros. Motors, Inc. v. Gran Prix Imports, Inc.*, 633 P.2d 1081 (Colo.1981); *Rollins v. City of Northglenn*, 690 P.2d 250 (Colo. App.1984). Great Western admits the validity of this rule, but argues that equity should intervene to relieve it of the "unconscionable hardship caused by its inadvertent failure to timely exercise its option."

Great Western's argument raises an issue of first impression in Colorado. Courts generally have refused to intervene where, as here, the party petitioning for equitable relief has failed, through its own negligence, to exercise an option to extend a lease. *See Clayman v. Totten*, 56 App. D.C. 115, 10 F.2d 910 (1926); *Simons v. Young*, 93 Cal.App.3d 170, 155 Cal.Rptr. 460 (4th Dist.1979); *Woodrum v. Pulliam*, 453 S.W.2d 263 (Ky.1970); *Koch v. H & S Development Co.*, 249 Miss. 590, 163 So.2d 710 (1964); *Host International, Inc. v. Summa Corp.*, 94 Nev. 572, 583 P.2d 1080 (1978); *Western Savings Fund Society v. Southeastern Pennsylvania Transportation Authority*, 285 Pa.Super. 187, 427 A.2d 175 (1981); *I.X.L. Furniture & Carpet Installment House v. Berets*, 32 Utah

454, 91 P. 279 (1907). *But see Ahmed v. Scott*, 65 Ohio App.2d 271, 19 Ohio Opp.3d 273, 418 N.E.2d 406 (1979); *McClellan v. Ashley*, 200 Va. 38, 104 S.E.2d 55 (1958); *Reynolds-Penland Co. v. Hexter & Lobello*, 567 S.W.2d 237 (Tex.Civ.App.1978).

■ Here, Great Western's failure to exercise its renewal option was admittedly caused by its own carelessness. A review of the record reveals no facts or special circumstances which might have prevented or hindered Great Western's timely exercise of its option to renew the lease.

We are not persuaded by Great Western's argument that it will lose the considerable investment it made in the leased premises. The lease provided that cooling rooms and other improvements related to operation of a retail liquor sales outlet could be removed by Great Western upon termination of the lease. Furthermore, the record reflects that Trueman offered to pay the fair market value of those fixtures and improvements which were not removable.

Though loss of the lease may well cause adverse economic consequences to Great Western, equity aids the vigilant. Negligence is not favored as a ground for equitable relief, and when, as here, the lessee can offer nothing more than its own negligence as an excuse for its failure to give the required notice, a court of equity should not rescue it from its carelessness.

Were we to apply the doctrine of equitable intervention in this case, we would inject uncertainty into an area of the law in which well-settled principles have long governed. As the court stated in *Reynolds-Penland Co. v. Hexter & Lobello, supra*,

"[A]ll contracts would be called into question as meaningless and uncertain, dependent upon the whims of a panacean court or jury. If certainty of rights and obligations is the basic goal of contract law, this goal would be frustrated by making every option contract the subject of equitable discretion by both court and jury. The absurdity of such a rule is even more apparent where, as here, the

contract is between experienced and sophisticated businessmen."

Accordingly, we hold that the doctrine of equitable intervention cannot be employed to excuse a tenant's negligent failure to exercise timely an option to extend a business lease.

We also reject Great Western's argument that it had a right to a trial in order to develop facts to substantiate its equitable defense. Great Western failed to meet its burden to set forth sufficient facts pursuant to C.R.C.P. 56 to raise genuine issues for trial. *See Norton v. Dartmouth Skis, Inc.*, 147 Colo. 436, 364 P.2d 866 (1961).

Finally, we conclude that this appeal was not brought for purposes of delay or harassment. Accordingly, Trueman's request for attorney fees pursuant to § 13–17–102, C.R.S. (1985 Cum.Supp.) is denied.

Judgment affirmed.

KELLY and BABCOCK, JJ., concur.