(42 South. 356.)

No. 16,088.

JACKSON BREWING CO. v. WAGNER.

(Nov. 12, 1906.)

1. LANDLORD AND TENANT — STIPULATION CONTROLLING.

The lessor and the lessee must abide by the agreement as entered into at the time of the lease.

2. EVIDENCE — PAROL EVIDENCE — PARTIES BOUND BY THEIR WRITTEN AGREEMENT.

As a general rule a written agreement is conclusive between parties and privies. There was no allegation of error or fraud. Conversations and conduct prior to or at the time of the agreement cannot be admissible to change stipulations of an authentic act of lease.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1855–1862.]

3. LANDLORD AND TENANT—NOTICE OF RENEWAL.

There was not sufficient notice of intention to renew the lease. The lease was not renewed. The lessee did not comply with the stipulation regarding notice of renewal. The full 60 days' notice required before the expiration of the lease, in order to enable lessee to renew the lease, was not given.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, §§ 270–275.]

4. TIME—COMPUTATION—DELAYS STIPULATED INCLUDED HOLIDAYS AND HALF-HOLIDAYS.

In matter of intention to renew the lease if the first day of notice fell on a day preceding Saturday, the half-holiday must be counted. Intervening days include the whole of Saturdays.

5. SAME—FRACTIONS OF DAY—TIME OF NOTICE NOT TO BE SHORTENED BY LESSEE.

The rule "de minimis" has no application. The agreement was plain. Under the pleas of "de minimis," no part of the time stipulated will be deducted. The parties had agreed upon

the number of days. There was nothing to prevent or hinder giving notice.

Plaintiff waived none of its rights regarding notice, and is not estopped.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred Durieve King, Judge.

Action by the Jackson Brewing Company against Charles A. Wagner. Judgment for plaintiff, and defendant appeals. Affirmed.

Edgar Mayer Cahn and Seargent Smith Prentiss, for appellant. Foster, Milling, Godchaux & Sanders, for appellee.

BREAUX, C. J. Plaintiff brought this action by rule to oust his tenant from the leased premises.

The issues are fully brought up by answer to the rule.

This is the second suit brought by plaintiff to oust his tenant. Jackson Brewing Company v. Chas. A. Wagner, 116 La. 51, 40 South. 528.

The first suit was dismissed on an exception of prematurity.

In the present case defendant's contention is that he has availed himself of the clause of his lease which gave him the option to renew the lease, and that he is, in consequence, entitled to hold the property, as tenant, for two years from the date of alleged renewal.

There had been a prior renewal of this lease for three years, which expired on the 28th of February, 1905.

In renewing the lease the first time, defendant gave no special notice of a renewal to the landlord. He was given quite a latitude, to such an extent that his contention now is that it amounted to a waiver and the total abandonment of all rights under the clause regarding renewal of the lease; that is, that the 60-day clause was the merest form, written in the deed with the understanding that performance in that respect was not expected, and that plaintiff's conduct, through its officers, has served to confirm the understanding.

Plaintiff says as a witness that he had determined to permanently locate in Cuba, but gave up his well-matured plans to engage in another branch of trade in Havana; that the president of the plaintiff company sent him telegrams, wrote to him, and finally prevailed upon him to leave Havana and to return to New Orleans and open a saloon.

In all this he says that plaintiff bound himself to permit him to remain as its tenant for any number of years; that the purpose of plaintiff in buying the property was to let him have it as tenant.

One hundred and twenty dollars is the monthly rental which defendant had bound himself to pay as tenant of the property, and, furthermore, he bound himself to sell only beer of plaintiff's brand.

At a time that the relations of the parties were pleasant, defendant went into possession of the property without even a contract of lease. A short time thereafter he insisted upon such a contract. It was passed before a notary and contains the clauses of a lease, including the right of renewal upon notice to plaintiff.

As the matter of notice is of some importance, it is proper to state the facts in connection therewith.

Notice was given of intention to renew the lease on Tuesday, January 3, 1905. Sunday, January 1st, and Monday, January 2d, were legal holidays, and Saturday, December 31st, was a half-holiday, to the extent that the statute provides that it shall be considered a half-holiday in the city of New Orleans. State v. Westmoreland, 117 La. 957, 42 South. 440.

As to the hours of the morning on Saturday, December 31, 1905, say from 9 a. m. to 12 m., defendant invokes the rule "de minimis," and asks for that reason, in effect, that the whole of Saturday be counted as a holiday.

Defendant claims that there was a literal compliance with the terms of the contract on his part; that the notice of renewal was not of the essence of the contract, and there was substantially compliance; and, lastly, defendant pleaded estoppel on the ground that plaintiff, by publications and advertisements to the public that defendant sold his beer at his saloon, admitted the renewal of the lease, and that it was one of the considerations of the lease and admitted in defendant the right of possession of the leased premises.

The judge of the district court granted plaintiff's demand and ordered a writ of ouster to issue.

During the trial in the district court, defendant offered to introduce in evidence the letters and telegrams and other evidence to which we have before referred. He also offered evidence as to what was said at the time the lease was passed.

The evidence offered was not admitted.

The lease was in authentic form. The parties are bound by the written stipulations. The understandings and agreements of prior dates cannot affect the terms and conditions of the lease.

It is not averred that there was error or fraud committed. It follows that the parties cannot go outside of the lease for defenses on the grounds urged.

The codal injunction is very plain:

Parol evidence is not admissible regarding what had been said before or at the time of the making of the act, nor since, as to that matter. Civ. Code, art. 2276.

In the absence of any averment of error or fraud, the offer to prove other terms and stipulations falls within the prohibiting terms of the article before cited.

The defendant had not given notice the required number of days. If he had, there would be an end to the legal controversy.

But the defendant is pleased to urge that the number of the required days of notice

of the renewal was not of the essence of the contract, and that his right to renew the lease was perfected by the notice which he gave.

In order to determine the controversy, we note the fact that the 29th day of December was the latest day to give the notice, and not the 30th day, as defendant's learned counsel argues. This disposes of the issues adversely to defendant's contention.

But let us for a moment consider the question as if the notice to renew was still in time on the 30th day of December, or the 31st, as contended by counsel. Defendant's case would not be in a much better position. The 1st of January and the day following were legal holidays; but, as the first part of Saturday, the 31st of December, must be taken into account, notice should have been given on that day, for the notice was due at least at that time. Instead, we have noted that it was only given on the 3d of January.

In the renewal of a 60 days' notice, the intervening days must be counted as consecutive days, and include Sundays and holidays, unless the contrary is expressed. Taking Saturday as the first day, and counting the days successively, there were not 60 days.

The rule "de minimis," invoked by defendant, will not warrant us in leaving out the whole of Saturday.

A notice agreed upon cannot very well be postponed entirely, if due on Saturday, for the reason that only a part of the day is a holiday.

It has never been decided, nor do we think that it ever will be decided, that a notice due on Saturday will be in time on the following Monday, for the reason that Saturday was a half legal holiday.

The next ground is that plaintiff waived the notice, or, if there was no expressed waiver, the conduct and utterances of the officers of plaintiff, towards the defendant, were an implied waiver.

This defense is grounded on evidence preceding the date the act of lease was signed, or on evidence contemporaneous with the act.

We have already stated, while treating the subject presented when the question of the admissibility of evidence was before us for decision, that there was no waiver.

We dismiss the point for reasons stated, substantially, before, that it is without merit.

And, lastly, defendant urges that plaintiff is estopped.

We have before noted the ground of this plea.

Advertising in the newspapers the fact that defendant dealt exclusively in beer of plaintiff's brewery is not an admission germane to, or connected with, the lease, and could not have influenced the defendant. It was a business advertisement which plaintiff had inserted some time prior. Not to have taken it out of the columns of the newspapers, immediately after the lease had expired, cannot have the effect of an estoppel.

It is true that defendant sold plaintiff's beer. It was not misleading in any way, and not against defendant's business, and surely not an intimation that defendant was relieved from the necessity of serving the notice if he desired to renew the lease.

For reasons stated, we affirm the judgment.