PRO YO STY, J.
Tbe jurisdiction of tbe so-called city court of Shreveport extends over the entire First Ward of the parish of Caddo, of which ward the city of Shreveport occupies only a part; and hence, properly, the said court is not a city court, but a ward court. Relator was convicted in it of the violation of the Sunday law, which is not an ordinance of the city of Shreveport, but a state statute. Relator appealed to the district court of the First judicial district, a state court, part of the state judiciary system, with jurisdiction extending over the entire parish of Caddo, which happens to compose by itself the First judicial district of the state. Shreveport is the parish seat, and the district court holds its sessions there. Relator’s case having been called up for trial in the district court on a Saturday afternoon, relator objected to going to trial on the ground that the time was dies non juridicus. Saturday afternoons are days of public rest and legal holidays in the city of Shreveport, as in all other cities of the state of 15,000 or more inhabitants. The learned district judge thought, however, that, inasmuch as the said holiday was a local holiday, it did not apply to his court and to the case of relator, because his court did not sit merely for the locality, but for the entire parish, and because, furthermore, the ease had not come from a local or city court, but from a ward court, and did not involve a mere local matter, or violation of a city ordinance, but a state matter, or violation of a state statute.
The statute making the Saturday afternoon a legal holiday is section 1114 of the Revised Statutes, as amended by Act No. 3, p. 5, of 1904. It provides that certain days named in it (among'others, every Saturday afternoon) “shall be considered as days of public rest and legal holidays and half-holidays in this state”; and it then makes provision for the protest of commercial paper necessary to be protested on any of the-days named.
Conceding that this statute has the effect of making dies non of the days thus declared to be days of public rest and holidays (a question on which this court expresses no opinion), the local holiday in question can have no application to the district court,, which is a court for the entire parish of Caddo. Any other interpretation would make this distinctly Shreveport holiday apply-to, or have effect for, the entire parish of Caddo, in so far as the business of the district court was concerned, and by the same rule the same local holiday in New Orleans would prevent the sitting of the Supreme Court on Saturday afternoons, and thus have operation throughout the state, in so far as the business of the Supreme Court w-as concerned. When this local holiday was first created for New Orleans, the justices of this court found themselves called upon to consider whether it should affect the sitting of this court, and concluded that it should not; and that interpretation has been acted on ever since, without question from any quarter.
The rule nisi is therefore recalled, and the application of relator is dismissed, at his cost.