(102 So. 399)

No. 26923.

## O. K. REALTY CO., Inc., v. JOHN A. JULIANI, Inc.

(Dec. 1, 1924.)

*(Syllabus by Editorial Staff.)*

1. Courts ⏤190(½)—Application for rehearing must be filed within five calendar days following day on which judgment is rendered.

Act No. 16 of 1910, providing that in appeals from city courts of New Orleans judgment shall become final on the sixth calendar day after rendition and that in the interval parties may apply for rehearing, limits time for application to five calendar days following day on which judgment is rendered, irrespective of whether sixth calendar day is a legal holiday or not.

2. Time ⏤10(9)—Last day for filing application for rehearing in Court of Appeal not excluded because falling on Saturday.

That last day for filing application for rehearing under Act No. 16, of 1910 on appeals from city courts of New Orleans falls on Saturday does not exclude it from legal delay for filing such application in Court of Appeal of such parish, in view of Const. 1921, art. 7, § 78, Act No. 6 of 1921; Saturday not being a legal half-holiday in New Orleans with respect to proceedings in Court of Appeal.

Application by the O. K. Realty Company, Incorporated, for writs of mandamus and certiorari to compel Court of Appeal, Parish of Orleans, to consider and determine application for rehearing in an action against John A. Juliani, Incorporated. Application dismissed.

Theo. Cotonio, of New Orleans, for relator.

THOMPSON, J. The relator invokes the supervisory powers of this court to compel the Court of Appeal, Parish of Orleans, to consider and determine an application for rehearing filed by relator in the suit above styled pending in said court on appeal from the First city court of New Orleans.

The respondent judges, in answer to the application for mandamus say, that the ap-plication for rehearing was filed too late, and they base their ruling on Act 16 of 1910.

They further allege that they followed the interpretation which had been placed on said act in the case of Abry Brothers v. Reynes, No. 4995 on the docket of that court, and the holding of said court in two subsequent cases; that said rule of interpretation had become a rule of practice and was posted in the clerk's office of their said court.

Act 16 of 1910 provides:

"That judgments rendered in the Courts of Appeal of the state shall become final and executory on the fifteenth calendar day after the rendition, except in cases of appeal from the city courts of the city of New Orleans which shall be and become final on the sixth calendar day after rendition, in term time and out of term time, unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday: provided that in the interval parties in interest shall have the right to apply for rehearing."

The opinion and decree of the Court of Appeal was handed down on Monday, October 6, 1924. The application for rehearing was filed on Monday, October 13, 1924. As already stated, the appeal was from the First city court of New Orleans.

[1] The first contention of relator is that the sixth calendar day being Sunday, and therefore a legal holiday, relator had all the next day, which was not a legal holiday, in which to file the application.

Our opinion is that the act is not only not susceptible of that construction, but that such an interpretation is directly in conflict with and utterly repugnant to the plain language of the statute. The delay allowed in which applications for rehearings may be filed in appeals from the city courts of the city of New Orleans is five calendar days following the day on which the judgment is rendered. That is to say, the day on which the judgment is

rendered and the day on which it is to become final are both excluded from the computation, and in that interval the application may be filed. If no application is filed within this interval—within this delay of five days—the judgment becomes final and executory on the succeeding or sixth calendar day.

The party who fails to file his application within the given delay has no interest in what takes place or what does not take place on said sixth day. It is no concern of his whether the sixth day is a legal holiday or not, except that he gets another day of grace by reason of the inability of his creditor to execute his judgment.

But by no fair rule of interpretation, and by no proper appreciation and correct application of the words of the statute, can it be said that because the sixth day is a Sunday or holiday on which the creditor cannot· avail himself of the finality of his judgment, the party against whom the judgment is rendered is to be accorded another full day's delay. Not even a possible, let alone a plausible, reason can be suggested for the assumption that the lawmaker, after having definitely fixed the delay—the interval in which the application for rehearing was permissible—intended to add another day in the event the sixth day was a holiday. The plain English of the matter is that the judgment becomes final on the sixth calendar day whether such judgment can be executed or not.

[2] The second contention of relator is that in the city of New Orleans Saturday is a legal half-holiday, and it being the last day of the delay in which the application for a rehearing could be filed, and the following day being a Sunday, the relator had the whole of Monday in which to file the application, and it being filed on that day, was in time.

The error of relator is in assuming that Saturday is a half-holiday for all purposes. As a matter of law Saturday is not a half-holiday with respect to the Court of Appeal sitting in the city of New Orleans and as concerns judicial procedure in said court. The Court of Appeal does not sit merely for the trial of appeals from the courts of the city of New Orleans, but its appellate jurisdiction extends to appeals from the parishes of St. James, St. John the Baptist, St. Charles, Jefferson, Plaquemines, and St. Bernard. Constitution of 1921, art. 7, § 78.

In the case of State v. Westmoreland, 117 La. 958, 42 So. 440, the defendant was convicted of violating the Sunday Law in the city court of one of the wards of Caddo parish. He 'appealed to the district court and objected to going to trial on Saturday afternoon on the ground that Saturday was a half-holiday in the city of Shreveport. The case came to the Supreme Court under its supervisory jurisdiction, and that court held that the Saturday half-holiday did not apply to the district court for the reason that that court was not a local court for the city of Shreveport but for the entire parish of Caddo. In referring to the statute making Saturday a half-holiday the court said:

"Conceding that this statute has the effect of making dies non of the days thus declared to be days of public rest and holidays (a question on which this court expresses·no opinion), the local holiday in question can have no application to the district court, which is a court for the·entire parish of Caddo. Any other interpretation would make this distinctly Shreveport holiday,·apply to, or have effect for, the entire parish of Caddo, in so far as the business of the district court was concerned, and by the same rule the same local holiday in New Orleans would prevent the sitting of the Supreme Court on Saturday afternoons, and thus have operation throughout the state, in so far as the business of the Supreme Court was concerned.

"When this local holiday was first created for New Orleans, the justices of this court found themselves called upon to consider whether it should affect the sitting of this court, and con-

cluded that it should not; and that interpretation has been acted on ever since, without question from any quarter."

The case of Jackson Brewing Co. v. Wagner, 117 La. 875, 42 So. 356, was an ejectment proceeding against a tenant, and the defense was that the lease had been renewed. There was a clause in the original lease which, it was contended, gave the tenant the right to renew the lease on giving 60 days' notice to the lessor. The question arose, in considering the case, whether the last day of the 60 days' notice, which was a Saturday, should be included, and the court in discussing the matter said:

"The rule 'de minimis,' invoked by defendant, will not warrant us in leaving out the whole of Saturday.

"A notice agreed upon cannot very well be postponed entirely, if due on Saturday, for the reason that only a part of the day is a holiday.

"It has never been decided, nor do we think that it ever will be decided, that a notice due on Saturday will be in time on the following Monday, for the reason that Saturday was a half legal holiday."

The statute (Act 6 of 1921), the last one on the subject, which makes Saturday a half-holiday, contains the following provision:

"Provided, further, that it shall be lawful to file and record suits, deeds, mortgages and liens and to issue and serve citation and to take and execute all other legal proceedings, and to make sheriffs' sales on Saturday half-holidays."

In view of the foregoing provision and the cases we have cited and for the reasons we have stated, our conclusion is that Saturday is not a half-holiday in the city of New Orleans with respect to proceedings in the Court of Appeal for the Parish of Orleans and is not to be excluded from the legal delay for filing applications for rehearing in that court. The Court of Appeal, in our opinion, properly construed the Act 16 of 1910 and properly refused to consider the application for rehearing as coming too late.

The writ herein issued is recalled, and relator's application is dismissed, with costs.

O'NIELL, C. J. (concurring). I concur in the decree rendered in this case, for the reason that, inasmuch as the sixth day after the rendition of the judgment of the Court of Appeal was Sunday, a legal holiday, the judgment became final and executory on the next day, Monday; and the petition for a rehearing, filed on that day, was too late. But I do not think it would have made any difference if the fifth day, Saturday, had been a legal holiday.

The statute says that the judgments of the Courts of Appeal, on appeals from the city courts of New Orleans, shall become final and executory on the sixth day after they are rendered, and that the judgments of the Courts of Appeal in other cases shall become final and executory on the fifteenth day after they are rendered, unless the last day (meaning the sixth day, or the fifteenth day, as the case may be) shall fall on a legal holiday, in which case the delay shall be extended (meaning the delay for execution shall be extended) to the next legal day. The majority opinion seems to be that the expression "the last day," in the clause "unless the last day shall fall on a legal holiday," means the fifth day, or the fourteenth day, as the case may be. The majority opinion seems to be that, if the fifth day, or the fourteenth day, as the case may be, falls on a legal holiday, the judgment shall not become executory until the seventh day, or the sixteenth day, as the case may be; or, in fact, until the next legal day after the sixth or fifteenth day, as the case may be. I do not see any reason why the execution of a judgment that is executory on the sixth day after it is rendered should be postponed to the seventh day, merely because the fifth day fell on a legal holiday; or why a judg-

ment that is executory on the fifteenth day after it is rendered should be not executory until the sixteenth day merely because the fourteenth day fell on a legal holiday. The judgment debtor is not compelled or expected to wait until the fifth day, or the fourteenth day, as the case may be, to file his petition for a rehearing. In allowing five clear days, or fourteen clear days, as the case may be, for the filing of petitions for rehearing, the statute does not exclude holidays. There is no more reason for excluding the fifth day, or the fourteenth day, as the case may be, for being a holiday, than there would be for excluding any other intervening holiday.

As I read and understand the statute, it says that the judgments of the Courts of Appeal shall become final and executory on the sixth day, or the fifteenth day, as the case may be, after their rendition; provided, of course, that if the sixth day, or the fifteenth day, as the case may be, falls on a legal holiday, the delay for execution shall be extended to the next day that is not a legal holiday. This proviso, I suppose, however unnecessary, was put into the statute to make it precise. At any rate, the language leaves very little room for interpretation.