VALMONT SERVICE STATION, Appellant,
v. EUGENE B. AVEGNO, ET AL.

(November 30, 1925, Opinion and Decree)

*(Syllabus by the Court.)*

1. Louisiana Digest—Mandate—Par. 67.
Where there is in fact an agency and that fact is concealed, the person dealing with the agent may, upon discovering the principal, proceed against the latter and not against the agent.

Appeal from the First City Court of the City of New Orleans, Hon. W. V. Seeber, Judge.

This is a suit for the cost of repairs made and gasoline and oil supplied to a Ford truck. There were two defendants *in solido* but one was not cited. Judgment for defendant, Avegno, and plaintiff appealed.

Judgment reversed.

S. J. Tennant, Jr., of New Orleans, attorney for plaintiff, appellant.

Howell Carter, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff who conducts an automobile service station under the name of the "Valmont Service Station" brings this suit against the defendants, Kuepferle and Avegno, *in solido*, claiming the sum of $154.60 for repairs made and gasoline and oil supplied to a Ford truck belonging to the defendant, Avegno.

After filing his suit, plaintiff seems to have elected to hold Avegno alone for Kuepferle was not cited and the case proceeded against Avegno. There was judgment for defendant and plaintiff has appealed.

There is no serious dispute, and certainly no reasonable contention can be made upon the record before us, that the *quantum* of plaintiff's demand has not been established.

There is also no question but what the repairs were made and the supplies furnished to a truck belonging to the defendant, Avegno.

The defense rests upon the contention that Kuepferle, who was the manager of a dairy business owned and conducted by the defendant, Avegno under the name of the "Elite Dairy" is alone responsible to plaintiff because plaintiff dealt only with Kuepferle without knowing he was Avegno's agent, sending all statements of account and demands for payment to Kuepferle, in whose name the book account was kept by plaintiff. It is also contended that Avegno paid Kuepferle for all expense incurred in operating the truck and that, therefore Avegno cannot be liable to plaintiff.

It appears that plaintiff only discovered that Avegno was the owner of the truck after the failure of Kuepferle to pay the account. The truck which bore the legend "Elite Dairy" would appear at the plaintiff's place of business, usually driven by a son of Kuepferle, who was employed by his father, the manager of defendant's dairy, and request supplies of oil or gasoline or repairs which the plaintiff would supply and make charging the cost thereof to Kuepferle, whom it regarded as the owner of the truck. When the account was not paid the discovery was made that Avegno was the owner of the dairy and Kuepferle only the manager.

There is here presented the familiar case of a third person dealing with an undisclosed principal through an agent. No question can be raised as to the authority of a manager of a dairy to buy gasoline and oil for a truck belonging to and operated in the interest of the dairy, consequently, that point will not be discussed though referred to in the briefs.

The rule is settled to the effect that "where there is in fact an agency and the fact is concealed, the person dealing with the agent, may, upon discovering the prin-

cipal, proceed against the latter and not against the agent".

In Corpus Juris, Vol. 2, Verbo Agency, page 840, we find the following:

"Undisclosed Principal—(1)  In General. As has been seen in another connection, an agent who enters into contractual relations on behalf of an undisclosed principal may be held liable by the person with whom he deals, as though he himself were in fact the principal.  The liability of the agent is not, however, exclusive, for, although the third person extended credit to the agent in ignorance of the fact that the latter was acting in a representative capacity, he may elect to hold the undisclosed principal when discovered, it being a firmly established rule that an undisclosed principal is bound by executory simply contracts made by the agent, and by acts done by the agent in relation thereto, within the scope of his authority and in the course of his employment, although the contract purports to be the individual contract of the agent, and although the third person had previously refused to enter into contractual relations with the principal."

As to the claim that payment to the agent relieves the principal of his obligation to third persons, we fail to see the least merit in this contention.  Third persons cannot be bound by transactions between employer and employee to which they are not a party and of which they have no knowledge.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that there be judgment in favor of plaintiff, Earl L. Mertzweiller, and against the defendant Eugene B. Avegno in the sum of $154.61, with legal interest thereon from judicial demand, and all costs.

---

ON APPLICATION FOR REHEARING.

This application comes too late and cannot be considered.

Under Act 16 of 1910, the application must be made within 5 days.  8 Ct. of App. 140, 154, Act 128 of 1921, regulates the practice in the City Courts alone and has no application to the Court of Appeal.