### No. 3047

#### Second Circuit

---

### YOUNG v. PETTY STAVE & LBR. CO.

---

(November 10, 1927. Opinion and Decree.)

---

*(Syllabus by the Editor)*

(ON APPLICATION FOR REHEARING)

1. **Louisiana Digest—Appeal—Par. 555.**
Act No. 16 of 1910 and rules of the Courts of Appeal are not affected by Section 11 of Article VII of the Constitution of 1921 as to the time fixed by the statute, namely fifteen days, in which application for rehearing may be filed in the Courts of Appeal.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville. Hon. J. A. Richardson, Judge.

Action by Levi B. Young against C. F. Petty Stave & Lumber Co.

Judgment refusing rehearing because application made too late.

Wimberly & Wallace, of Arcadia, attorneys for plaintiff, appellant.

Goff & Barnett, of Arcadia; Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for defendant, appellee.

(ON APPLICATION FOR REHEARING)

WEBB, J. The decree in this cause was rendered on November 10th, 1927, and the application for a rehearing was presented on December 10th, 1927, and the applicant concedes that the application came too late under the rule of this court which provides:

"As soon as judgments are rendered, the clerk of this court shall deliver in person or by mail to counsel of record, a copy of the opinion and decree, and he shall make a record of the date and time of the giving or making of such delivery, and this shall constitute the notice required by Section 24, Article 7, of the Constitution. The delay for filing applications for rehearing shall begin to run from the date of such notice, and shall expire with the fourteenth calendar day thereafter."

But he contends that the rule and Act No. 16 of 1910 on which it is based are in violation of Section 11 of Article VII of the Constitution of 1921, which reads as follows:

"It shall be competent for the Supreme Court to require by writ of certiorari, or otherwise, any case to be certified from the Courts of Appeal to it for review, with the same power and authority in the case as if it had been carried directly by appeal to the said court; provided, that where the application is based solely upon the ground that the decision of the question of law involved is in conflict with the jurisprudence of the Supreme Court or another Court of Appeal upon a question not yet decided by the Supreme Court, and it is found that such is the fact, then the application shall be granted as a matter of right; *provided, however, that the Supreme Court shall in no case exercise the power conferred by this article unless the application shall have been made to the court or to one of the justices thereof within thirty days after a rehearing shall have been refused by the Court of Appeal; and provided further, that the judgment of the Court of Appeal shall not become executory until the expiration of thirty days; or, in cases in which application is made for the writ of review, or other writs, until*

*the decision of the Supreme Court upon the application shall have become final."* (Italics ours.)

The statute, Act No. 16 of 1910, which reads:

"That judgments rendered in the Courts of Appeal of state shall become final and executory on the fifteenth calendar day after the rendition, except in cases of appeal from the City Courts of the City of New Orleans, which shall be and become final on the sixth calendar day after rendition, in term time and out of term time, unless the last day shall fall on a legal holiday; provided, that in the interval parties in interest shall have the right to apply for a rehearing"—

relates especially to the time when the judgments of the Courts of Appeal shall become executory, and the time when an application for a rehearing may be filed, and when the constitutional provision does not refer to the question as to when an application for a rehearing may be filed in the Courts of Appeal, the applicant apparently contends it declares that all of the decrees rendered by the Courts of Appeal shall not become executory until the expiration of thirty days after the date of the rendition of the decree, and it necessarily repealed the statute, and the statute, which provided for the period in which an application for rehearing might be filed being repealed, Article 912 of the Code of Practice, which reads:

"In the interval between the day on which the judgment is rendered and that on which it becomes final a party dissatisfied with the judgment may apply to the court for a new hearing in the cause, and for this purpose shall present a petition in which he shall state substantially the reasons for which he thinks the judgment is erroneous, and shall cite authorities in support of his opinion"—

must be applied, and thus his application for a rehearing having been filed before the decree became executory, it was in time and must be considered.

Conceding that Article 912 of the Code of Practice, which refers to proceedings in the Supreme Court, would be applicable if the statute (Act No. 16 of 1910) was repealed, we do not think the repeal followed the adoption of the constitution (see O. K. Realty Co., Inc., vs. John A. Julian, Inc., 157 La. 277, 102 So. 99).

The constitutional provision relates to the jurisdiction and power of the Supreme Court to review the decisions of the Courts of Appeal, and the first proviso limits the authority of review to those decisions of the Courts of Appeal where the application for the writ of review shall have been made to the Supreme Court or one of the justices thereof within thirty days after a rehearing shall have been refused by the Court of Appeal (Martinez & Bros. vs. Murray, 149 La. 982, 90 So. 366), and the second proviso (under which it is contended the repeal resulted) we think should be construed as providing that all decrees rendered by the Courts of Appeal in which a motion for a rehearing has been filed shall not become executory until the expiration of thirty days after the refusal of a rehearing, and if an application for a writ of review is made within such time, until the application has been finally passed upon by the Supreme Court.

Had the constitutional provision declared that all decrees rendered by the Court of Appeal should not become executory until thirty days after the rendition of the decree, we do not intimate it would not have to be construed as written, although in such case the proviso (which is ordinarily construed to limit or qualify the language which it follows) could be said to have gone beyond the apparent purpose of the provision, that is, to suspend execution in those decrees rendered by the Courts of Appeal where the decision became subject to review by the Supreme Court.

We are therefore of the opinion that Act No. 16 of 1910 was not affected by the constitutional provision as to the time fixed by the statute in which applications for rehearing could be filed in the Courts of Appeal, and under the statute the application filed herein came too late and cannot be considered.