## WELLS v. DOUGLASS LIFE INS. CO.
### No. 14733.

Court of Appeal of Louisiana. Orleans.

Oct. 1, 1934.

For former opinion, see 156 So. 34.

Solomon S. Goldman, of New Orleans, for appellant.

Cameron C. McCann, of New Orleans, for appellee.

### PER CURIAM.

■ This matter came before us on appeal from the First city court of New Orleans. The amount involved is less than $300 and in excess of $100. We rendered our decree on the 26th day of June, 1934. On the 11th day of July counsel for plaintiff-appellee filed application for rehearing.

The application cannot be considered by us, since it was made too late. By the provisions of Act No. 16 of 1910, final judgments rendered in term time by this court in matters appealed from the city courts of New Orleans "become final on the sixth calendar day after rendition."

■ The fact that many attorneys, in matters appealed from the city court and involving more than $100 and less than $300, have filed applications for rehearing after the fifth calendar day, leads us to think that there is a misunderstanding as to the law applicable and induces the belief that certain counsel are of the opinion that the constitutional provision, section 90 of article 7 of the Constitution of 1921, as amended in 1928, and the present statute resulting therefrom, to wit, Act No. 219 of 1932, which repeals Act No. 128 of 1921, in some way apply to this and the other Courts of Appeal. In Valmont Service Station v. Avegno, 3 La. App. 335, we said, with reference to the act of 1921, that that statute "regulates the practice in the City Courts alone and has no application to the Court of Appeal." The act of 1921 has, as we have stated, been superseded by the act of 1932, which latter statute, likewise, has no application to the Court of Appeal. See, also, Claude Neon Fed. Co. v. Meyer Bros. (La. App.) 151 So. 139, and the cases therein cited, to wit: O. K. Realty Co. v. Juliani, 157 La. 277, 102 So. 399, and Yazoo & M. V. R. R. Co. v. Marx & Sons, 17 La. App. 174, 135 So. 64, 675.

For the reasons assigned the application for rehearing is dismissed without consideration.

Application not considered.