162 So. 630

CARPENTER v. METROPOLITAN LIFE INS. CO.

No. 33401.

June 19, 1935.

Lewis R. Graham and Harry R. Cabral, both of New Orleans, for relator.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for respondent.

LAND, Justice.

Relator sued defendant insurance company in the First city court for the parish of Orleans for the sum of $263.20 on a policy issued to relator by that company.

■ On March 4, 1935, the Court of Appeal for the Parish of Orleans affirmed the judgment of the First city court rejecting relator's demand.

Relator presented to the clerk of that court an application for a rehearing on March 18, 1935, or fourteen days after the opinion and decree were handed down, which the clerk refused to file, because it was presented too late, whereupon a rule was taken by relator for the purpose of compelling him to do so.

The Court of Appeal held that the clerk had properly refused to accept and file the application, because it was presented too late, and could not be considered for the reasons given in Claude Neon Federal Co. v. Meyer Bros. (La. App.) 151′ So. 139, in which it is stated: "In our opinion, Act No. 16 of 1910 requires applications for rehearings in cases appealed from the First city court of the city of New Orleans to be filed *before the sixth day*. This application, having been presented to the clerk of this court for filing on November 13, 1933, or 14 days after the case was decided, comes too late. Valmont Service Station v. Avegno, 3 La. App. 335; O. K. Realty Co. v. John A. Juliani, Inc., 157 La. 277, 102 So. 399; Yazoo & Miss. Valley R. Co. v. A. Marx & Sons, 17 La. App. 172, 135 So. [64], 675, decided July 1, 1931." (Italics ours)

The case of O. K. Realty Co. v. John A. Juliani, Inc., 157 La. 277, 102 So. 399, 400, cited in the above opinion of the Court of Appeal, is directly in point.

In the Juliani Case it is said:

"Act No. 16 of 1910 provides:

" 'That judgments rendered in the Courts of Appeal of the state shall become final and executory on the fifteenth calendar day after the rendition, except in cases of appeal from the city courts of the city of New Orleans which shall be and become final *on the sixth calendar day after rendition*, in term time and out of term time, unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday: provided that in the interval parties in interest shall have the right to apply for rehearing.' '

"The opinion and decree of the Court of Appeal was handed down on Monday, October 6, 1924. The application for rehearing was filed on Monday, October 13, 1924. As already stated, the appeal was from the First city court of New Orleans.

"The first contention of relator is that the sixth calendar day being Sunday, and therefore a legal holiday, relator had all the next day, which was not a legal holiday, in which to file the application.

"Our opinion is that the act is not only not susceptible of that construction, but that such an interpretation is directly in

conflict with and utterly repugnant to the plain language of the statute. *The delay allowed in which applications for rehearings may be filed in appeals from the city courts of the city of New Orleans is five calendar days following the day on which the judgment is rendered.* That is to say, the day on which the judgment is rendered and the day on which it is to become final are both excluded from the computation, and in that interval the application may be filed. If no application is filed within this interval—*within this delay of five days*—the judgment becomes final and executory on the succeeding or sixth calendar day.

"The party who fails to file his application within the given delay has no interest in what takes place or what does not take place on said sixth day. It is no concern of his whether the sixth day is a legal holiday or not, except that he gets another day of grace by reason of the inability of his creditor to execute his judgment." (Italics ours)

It is also said in the Juliani Case:

"The respondent judges, in answer to the application for mandamus say, that the application for rehearing was filed too late, and they base their ruling on Act No. 16 of 1910.

"They further allege that they followed the interpretation which had been placed on said act in the case of Abry Brothers v. Reynes, No. 4995 on the docket of that court, and the holding of said court in two subsequent cases; that said rule of inter-

pretation had become a rule of practice and was posted in the clerk's office of their said court."

The decision in the Juliani Case was handed down by this court December 1, 1924.

In the year 1928, by joint resolution, Act No. 197 of 1928, an amendment to sections 90, 91, and 92 of article 7 of the Constitution of 1921, relative to the First and Second city courts of the city of New Orleans, was proposed and subsequently adopted.

It is specifically provided in the amendment to section 91 of the Constitution of 1921 relative to the First city court that: "Appeals shall be allowed in all cases from said Court to the Court of Appeal for the Parish of Orleans and shall be tried in said Court *as now provided by the Constitution of 1921, or until otherwise provided by the Legislature.*" (Italics ours)

Under section 91 of the Constitution of 1921, when the amount in dispute or the fund to be distributed does not exceed $100, appeals from the First city court are tried de novo in the Court of Appeal, and it is provided in that section that "the judges of the Court of Appeal may provide rules by which one or more of the judges shall try such cases, which they may decide immediately after trial and without written reasons."

It is also provided in section 91 of the Constitution of 1921 that the First city court "shall also have jurisdiction concur-

rently with the Civil District Court of all suits for moneyed demands above one hundred dollars and not exceeding three hundred dollars, exclusive of interest; provided, that such cases shall be tried and the testimony and evidence therein shall be taken in the same manner as cases tried in the Civil District Court, and the appeal in the Court of Appeal shall be tried upon the original record thus made up and shall not be tried de novo."

Under the amendment to section 91 of the Constitution of 1921 by Act No. 197 of 1928, the Legislature is specifically given authority to provide for the trial of appeals from the First city court to the Court of Appeal, yet the lawmaking body of the state has not seen fit to change the method of trial of such appeals as prescribed by the present Constitution. Nor have the lawmakers seen fit to change Act No. 16 of 1910, so as to require that fourteen days shall be allowed for applications for rehearing, instead of five days, in cases of appeals from the First city court to the Court of Appeal, where the amount in dispute is above $100 and not exceeding $300.

It must be presumed that the Legislature was aware of the decision of this court in the case of O. K. Realty Co. v. John A. Juliani, Inc., 157 La. 277, 102 So. 399, in which Act No. 16 of 1910 was construed to limit the delay for applications for rehearing in all appeals from the city courts to five days after rendition of judgment by the Court of Appeal. More than ten years have elapsed since the decision of this court in the Juliani Case, and, although section 91 of the present Constitution has been amended, no amendment has been made by the Legislature to Act No. 16 of 1910, although vested with full authority to do so.

The functions of this court are strictly judicial, and are restricted to the interpretation of laws as they exist upon the statute books. What the law ought to be is not a juristic question, but is a matter which addresses itself solely to the Legislature of the state.

The mere fact that the city courts of New Orleans have concurrent jurisdiction with the civil district court in matters over $100 and under $300, and similar procedure prevails in both courts in such cases, does not justify this court in amending Act No. 16 of 1910, so as to extend the delay in applications for rehearing in appeals from the city courts from five days, as fixed by Act No. 16 of 1910, to fourteen days, the delay fixed for filing applications for rehearing in appeals from the civil district court to the Court of Appeal.

Act No. 16 of 1910 has existed upon the statute books of this state, without change, for the last twenty-five years, and has become an established rule of practice in the Court of Appeal. The Legislature has not seen fit to change it; and this court is without power to do so.

Judgment affirmed.