## MURRAY v. YAZOO & M. V. R. CO.
### No. 1885.

Court of Appeal of Louisiana.
First Circuit.
Nov. 17, 1938.

For prior opinion, see 183 So. 543.

Rownd & Tycer and Reid & Reid, all of .Hammond, for appellant.

Carroll Buck, of Amite, for appellee.

PER CURIAM.

An application for rehearing was filed in this case on October 21st, 1938, and a motion has been filed by the Appellee to dismiss the said application or ignore the same as having been filed too late. Notice of the judgment of this Court was received by Counsel for Appellant on October 6th, 1938, from which date the delay for filing an application for a rehearing is to be counted. Section 24, Article 7, Constitution of 1921.

Act No. 16 of 1910 provides that judgments of the Courts of Appeal shall become final and executory on the fifteenth calendar day after rendition (after service of notice under the Constitution) unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday; provided that in the interval parties in interest shall have the right to apply for a rehearing. The fifteenth calendar day after notice was served in this case was October 21st, 1938, the day on which the application was filed, and on that day, according to the terms of the Act, the judgment had become final and executory. The last day for filing the application was October 20th, 1938, which was not a legal holiday, and no extension of the time after that day was permitted.

Excluding the day on which the notice was served and the day on which the application was filed, fourteen days were allowed in which to file the application. From October 7th to 20th, inclusive, was the period given in which to .file the application—the last day for filing, being the 20th and not the 21st on which it was filed. See O. K. Realty Co., Inc., v. John A. Juliani, Inc., 157 La. 277, 102 So. 399.

Therefore the application comes too late and it cannot be considered.