An application for a rehearing was filed in this case on December 1, 1945. Counsel for the appellee have filed an opposition to the application on the ground that it comes too late. The envelope containing the application and addressed to the clerk of this court shows that it was post marked at 9 P.M. on November 30th, which clearly indicates that the letter containing the application could not have reached the office of the clerk of this court before the following day, December 1st, the day on which the application was filed. Notice of the opinion and decree of this court was received by counsel for the plaintiff on November 16th.
Act 16 of 1910 provides that judgments of the courts of appeal shall become final and executory on the fifteenth calendar day after rendition (after service of notice under the Constitution), unless the last day shall fall on a legal holiday.
December 1st was the fifteenth calendar day after November 16th, the day on which notice was received. The judgment of this court had become final when the application was filed on December Ist. The last day for filing the application was November 30th, which was not a legal holiday. The situation is the same as it was in the case of Murray v. Yazoo M. V. R. Co., La. App., 184 So. 413. Following our ruling in that case, we are compelled to refuse consideration of the present application as having been filed too late.