Notice of the judgment rendered in this case was received by counsel for plaintiffs, appellants, on October 4, 1947. The application for rehearing was not filed until October 20, 1947. It is contended, by motion filed on behalf of the defendants, appellees, that the application comes too late and that it should be denied.
Counsel for appellants states that the time for filing the application expired on October 19, 1947, and he contends that as that day was a Sunday, a legal holiday, the delay was extended to the following day and consequently the application was filed within the time required by law. In support of his contention he refers to Act No. 16 of 1910 which is now incorporated in Art. 920.5 of the Code of Practice and which reads in part as follows: "Judgments rendered in the courts of appeal of the state shall become final and executory on the fifteenth calendar day after the rendition, * * * unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday; provided that in the interval parties in interest shall have the right to apply for rehearing; * * *."
The fifteenth calendar day following October 4, 1947, was October 19, 1947 and that was the day on which the judgment in this case would have become executory had it not been a legal holiday. The legal holiday extended the day on which the judgment could have been executed until the following day, that is October 20, 1947. According to a further specific provision of the law execution of the judgment could have longer been delayed had the appellants, "in the interval" between October 4, 1947, the day on which notice was receive, and the fifteenth calendar day thereafter, the day on which it became executory, which was, as we have seen, October 19, 1947, filed an application for rehearing. That interval was the fourteen day period between October 5, 1947 and October 18, 1947, both inclusive. See Murray v. Yazoo M. V. R. Co., La. App., 184 So. 413 and O. K. Realty Co., Inc., v. John A. Juliani, Inc.,157 La. 277, 102 So. 399. The application was not filed within that interval. In fact interval had expired. Obviously it was it was not filed until two days after the interval had expired. Obviously it was filed too late and cannot be considered.