On January 9, 1926, Rudolph Yunkes signed a note for $290, payable six months after date to the order of the Bank of Commerce at their office in St. Francisville, Louisiana, with interest thereon at the rate of 8% per annum from maturity until paid and 10% additional on the amount of principal and interest as attorney fees. Rudolph Yunkes was a resident of the City of Baton Rouge at that time and up until his death in 1945.
On March 30, 1927, the Bank of Commence and Trust Company (then known as Bank of Commerce) filed suit against Rudolph Yunkes in the Nineteenth Judicial District Court in Suit No. 1993. On the same day, a certified copy of the petition and citation were served upon the defendant, Yunkes, which said date fell on Wednesday. On Monday, April 11, 1927, preliminary default was entered against the defendant and confirmed on Thursday, April 14, 1927.
The judgment not having been paid, the said bank in 1936 filed a suit to revive the judgment, and on the 21st day of July, 1936, said judgment was revived in the same original numbered and entitled cause. Personal service was had on Rudolph Yunkes in this suit to revive.
Rudolph Yunkes died on the 30th day of January, 1945, and on March 5, 1945, Julius J. Yunkes and his wife, Mary M. Yunkes, purchased from the widow and other forced heirs of Rudolph Yunkes Lot No. 6 of Square No. 27 in the Subdivision of the *Page 850 
Parish of East Baton Rouge known as "Suburb Istrouma." Under date of April 18, 1946, Julius J. Yunkes and his wife, Mary M, Yunkes, were notified by letter from Taylor, Porter, Brooks, and Fuller, Attorneys, that the aforesaid lot was burdened with a judicial mortgage in the form of a judgment in Suit No. 1993 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, which was the judgment obtained by the Bank of Commerce and Trust Company of St. Francisville, Louisiana, on April 14, 1927, and reinscribed by judgment dated July 21, 1936. As a result of this notice, on May 3, 1946, they filed a suit in which they are secking to have the judgment in suit No. 1993 declared null, void and of no effect and ordering same cancelled completely from the mortgage records of the Parish of East Baton Rouge, and particularly in so far as same purports to affect Lot 6, Square 27, "Suburb Istrouma," Parish of East Baton Rouge, State of Louisiana. This suit is No. 24,682 of the docket of the 19th Judicial District Court for the Parrish of East Baton Rouge. Defendants filed their answer in this suit on June 22, 1946, and also on the same date filed a second suit to revive the judgment in 'Suit No. 1993, entitled "Bank of Commerce v. Rudolph Yunkes." The defendant in No. 1993 excepted to the plaintiff's petition on the ground that it had not set forth a or cause of action.
The two suits were consolidated for the purpose of trial but it was agreed that separate judgments would be rendered in the two cases, and they were submitted to the Court on the stipulation of fact. In this stipulation of fact it was agreed that:
15. "No execution on the said judgment, against Lot 6, Square 27, Suburb Istrouma or any other execution, has been issued under said judgment."
16. "It is agreed and stipulated that the office of the Clerk of Court in East Baton Rouge Parish Courthouse was open all day (that is, until 5: 00 P.M.) on Saturday, April 9, 1927, for the purposes set forth in the "Holiday Act" then in force, (Act 249 of 1926)"
17. "The population of the City of Baton Rouge in the year 1927 was in excess of ten thousand (10,000) persons."
18. "Counsel for Julius J. Yunkes and Mrs. Mary M. Yunkes agree and stipulate that they have never paid any money upon the said note or the debt secured thereby, or upon the judgment obtained in the said suit No. 1993, and, so far as they know, neither Rudolph Yunkes nor any other person has ever paid any money upon the said debt, note or judgment * * *."
The day and dates used by the Court above were also agreed upon in the stipulation of fact.
The learned Judge of the District Court in his well-written opinion overruled the exception of no cause or right of action filed on behalf of the widow and forced heirs of Rudolph Yunkes in Suit No., 1993. Answer was filed and judgment was rendered on the merits in favor of the plaintiff. In Suit No. 24,682, which is the suit to annull the judgment in Suit No. 1993, the Lower Court, for the written reasons assigned for the judgment in Suit No. 1993 in overruling the exceptions filed therein, rendered judgment rejecting and dismissing plaintiffs' demands at their cost.
The defendants in suit No. 1993 and the plaintiffs in No. 24,682 have appealed from this adverse judgment.
Defendants excepted to the plaintiff's petition on the ground that it had not set forth a right or cause of action. These exceptions are based upon the contention that the original judgment against Yunkes of date April 14, 1927, is illegal, null and void for the reason that the preliminary default entered April 11, 1927, was prematurely entered. Defendants contend that the date of service of the petition and citation on March 30, 1927, did not count, and that, therefore, the delay in which to answer began on March 31, 1927 which was a Thursday; that the 10th day thereafter was Saturday, April 9, 1927. Defendants contend that Saturday was a legal half holiday and the next being Sunday, also a holiday, that the defendant had all of Monday, April 11, 1927, in which to file answer, *Page 851 
the latter day and date being the day preliminary default was entered.
The plaintiff, of course, contends that Saturday, April 29, 1927, was legally included in the delay in which the defendant, Rudolph Yunkes, was required to answer, and that, therefore, the preliminary default entered on Monday, April 11, 1927, was legally entered.
Act No. 249 of 1926 provided for a half holiday:
"* * * in cities and towns where, the population shall exceed ten thousand every Saturday from twelve o'clock noon until twelve o'clock midnight, to be known as a half holiday; * * *"
And provided further:
"* * * that it shall be lawful to file and record suits, deeds, mortgages, and liens and to issue and serve citation and to take and execute all other legal proceedings, and to make sheriffs' sales on Saturdays half holidays."
It is admitted that Baton Rouge at that time had a population in excess of ten thousand people, and, therefore, Saturday was a legal half holiday in the City of Baton Rouge. There is no doubt that by the very terms of Act No. 249 of 1926 and the stipulated facts, that the office of the Clerk and Recorder of the Parish of East Baton Rouge was open for all purposes all day on April 9, 1927, until 5:00 P.M., and that on said date instruments were actually filed for record as late as 4:30 P.M. The defendant could most certainly have filed his answer, but the question before the Court is whether the defendant was required to file his answer on that date. In other words, was Saturday, April 9, 1927, a legal half holiday in so far as the District Court sitting in and for the Parish of East Baton Rouge was concerned.
If the Saturday in question was a legal half holiday and applied to the District Court for the Parish of East Baton Rouge, there can be no doubt that as it was the last one of the ten days in which defendant was allowed to answer, and, it being a legal holiday, the defendant would have had all of the succeeding day to file his answer, but, in the present case, this being Sunday and a legal holiday, the defendant clearly would have been entitled to file his answer at best not later than noon, Monday, April 11th, 1927. See Catherwood v. Shepard, 30 La. Ann. 677; Manspur v. Abraham, La. App., 159 So. 146.
Exceptors cited the case of Rady v. Fire Insurance Patrol of New Orleans, 126 La. 273, 52 So. 491, 492, 139 Am.St.Rep. 511, in which the question was whether service of citation on the Saturday half holiday created by the Statute then in effect interrupted prescription. The act in force was Act No. 3 of 1904, which contained the following provision:
"The following shall be considered as days of public rest and legal holidays and half holidays in this State, and no others, namely: Sundays * * * Good Friday * * * twenty-fifth of December, Thanksgiving Day * * * and also, in cities and towns where the population shall exceed fifteen thousand, every Saturday, from twelve o'clock noon, until twelve o'clock midnight, to be known as a half holiday."
The Supreme Court held in the Rady case as follows:
"It is very plain that Act No. 3 of 1904 places Saturday half holidays on the same footing as Sunday and other legal holidays and days of public rest, and that Act No. 6 of 1904 treats such half holiday as a dies non juridicus. In fact neither the Code of Practice nor the statutes of this state make any distinction quoad judicial proceedings between Sunday and other legal holidays; all being days of public rest, except in the matter of the trial of cases already begun."
"We therefore are of the opinion that the service of the citation on the half holiday, being prohibited by law, produced no legal effect."
The exceptors also strongly rely upon the case of Frank v. Currie, La. App., 172 So. 843, 844. In this case, the plaintiff, Frank, had filed a suit in the First City Court of New Orleans on an open account against Mrs. Currie, the defendant. Mrs. Currie was served with citation on July 28, 1933, and, under the law, she was obliged to answer the third day after the day of service of the citation. Judgment by default was taken against her on August *Page 852 
2, 1933. On October 31, 1934, Mrs. Currie filed suit in which she claimed that the default judgment was null and void for the reason that:
"(1) Only two days elapsed, exclusive of Sundays and holidays, between the date of service of the citation and the date of the default judgment; that, under the law, she was entitled to three full days, after the date of service of citation, before a default judgment could be taken against her; * * *."
Exception of no cause or right of action was filed to the petition to annual the judgment and was maintained by the trial court, and Mrs. Currie's suit dismissed.
In this case, as stated, petition and citation were served on Friday, July 28, 1933, July 29th was a Saturday, and July 30th was a Sunday. The judgment was taken on Wednesday, August 2nd. It was contended that July 29th, being Saturday, was a half holiday under the law and was not to be counted in computiing the delay within which to file answer; that, likewise, Sunday, July 30th, being a dies non is excluded; that therefore, only two days, Monday, July 31st, and Tuesday, August 1st, intervened between the service of citation and the taking of the default judgment on Wednesday, August 2nd; therefore, Mrs. Currie had not had the three days o answer allowed her by law.
The Court said:
"By Act No. 165 of 1932, which applies to the case at bar, Saturday, from 12 o'clock noon, until 12 o'clock midnight, is designated as a half holiday, and, accordingly, it would seem to follow that, under the jurisprudence as laid down in the above-cited cases, Mrs. Currie was only granted, by the decision of the court below, two and one-half legal days within which to file her answer, whereas article 1082 of the Code of Practice allowed her three days.
"But counsel for Frank argue that Act No. 165 of 1932, which declares that Saturday shall be a half holiday, does not contemplate that it is a dies non, with respect to the filing of answers or the performance of other legal acts, and they point with confidence to a proviso contained in that Act, which reads:
" 'Provided, further that it shall be lawful to file and record suits, deeds, mortgages and liens and to issue and serve citation and to take and execute all other legal proceedings, and to make sheriffs' sales on Saturdays half-holidays.'
* * * * * *
"It is claimed by counsel for Frank that the Rady Case may not be relied on, in determining the problem here involved because the act of 1904 has been repealed, with respect to the service of citation on a Saturday half holiday, and the law, as it now stands, specifically permits the service of citation on Saturdays. It is true that the statute has been amended so as to allow certain legal acts to be performed on Saturday, but, notwithstanding the permission granted, the statute also designates Saturday to be a half holiday. Hence, the Rady Case is authority for the proposition that Saturday, being a half holiday, does not require persons, charged with the duty of performing legal acts on that day, to execute them. As we view the proviso, contained in the statute (No. 165 of 1932), it is merely permissive and is not mandatory and, while it recognizes the validity of the performance of certain legal acts on Saturday, it does not penalize those charged with such performance in the event they fail to execute them on the half holiday it is true that Mrs. Currie might have filed her answer to the original petition on Saturday, July 29th, prior to 12 o'clock noon, when the office of the clerk of the First city court was open, but article 1082 of the Code of Practice did not oblige her to appear and answer the petition until the third day after the service of citation. The best that can be said, if we count the Saturday half holiday, is that Mrs. Currie was allowed two and one-half days within which to file her answer, and to hold that Saturday should be counted, even though it be a half holiday under the law, would be contrary to the jurisprudence established by the cases hereinabove discussied."
Counsel for plaintiff have cited and relied upon the case of O. K. Realty Company, *Page 853 
Inc., v. John A. Juliani, Inc., 157 La. 277, 102 So. 399, and the case of State v. Westmoreland, 117 La. 958, 42 So. 440.
In the case of State v. Westmoreland, the defendant was convicted of violating the Sunday law in the City Court of one of the Wards of Caddo Parish. He appealed to the District Court and objected to going to trial an Saturday afternoon on the ground that Saturday was a half holiday in the City of Shreveport. This case went to the Supreme Court under its supervisory jurisdiction and the Court held that a half holiday did not apply to the District Court for the reason that the Court was not a local Court for the City of Shreveport but for the entire Parish of Caddo. In this case, the Court said:
"Conceding that this statute has the effect of making dies non of the days thus declared to be days of public rest and holidays (a question on which this court expresses no opinion), the local holiday in question can have no application to the district court, which is a court for the entire parish of Caddo. Any other interpretation would make this distinctly Shreveport holiday apply to, or have effect for, the entire parish of Caddo, in so far as the business of the district court was concerned, and by the same rule the same local holiday in New Orleans would prevent the sitting of the Supreme Court on Saturday afternoons, and thus have operation throughout the state, insofar as the business of the Supreme Court was concerned.
"When this local holiday was first created for New Orleans, the justices of this court found themselves called upon to consider whether it should affect the sitting of this court, and concluded that it should not; and that interpretation has been acted on ever since without question from any quarter."
The Juliani case came before the Supreme Court on application by the plaintiff for writs of mandamus and certiorari to compel the Court of Appeal for the Parish of Orleans to consider and determine an application for a rehearing against the defendants, John A. Juliani, Inc., which involved Act No. 16 of 1910, which act provided:
"That judgments rendered in the Courts of Appeal of the State shall become final and excecutory on the fifteenth calendar day after the rendition, except in cases of appeal from the City Courts of the City of New Orleans which shall be and become final on the sixth calendar day after rendition, in term time and out of term time, unless the last day shall fall on a legal holiday, when the delay shall be extended to the first day thereafter not a legal holiday; provided that in the interval parties in interest shall have the right to apply for rehearing."
In this case, the Court said [157 La. 277, 102 So. 400]:
"The second contention of relator is that in the city of New Orleans Saturday is a legal half-holiday, and it being the last day of the delay in which the application for a rehearing could be filed, and the following day being a Sunday, the relator had the whole of Monday in which to file the application, and it being filed on that day, was in time.
"The error of relator is in assuming that Saturday is a half-holiday for all purposes. As a matter of law Saturday is not a half-holiday with respect to the Court of Appeal sitting in the city of New Orleans and as concerns judicial procedure in said court. The Court of Appeal does not sit merely for the trial of appeals from the courts of the city of New Orleans, but its appellate jurisdiction extends to appeals from the parishes of St. James, St. John the Baptist, St. Charles, Jefferson, Plaquemines, and St. Bernard. Constitution of 1921, art. 7, § 78."
This Holiday Statute involved was Act No. 6 of 1921, Ex.Sess., containing a proviso identical with that contained in the Act of 1926, relating to what legal acts could be presumed on the half holiday.
The Circuit Court of Appeal for the Parish of Orleans in Frank v. Currie, La. App., 172 So. 843, had this to say of the Juliani case:
"In the Juliani Case, supra, the Supreme Court had under consideration whether Saturday, a legal half holiday, should be included in calculating the time within which an unsuccessful litigant could apply *Page 854 
for a rehearing in a case decided by the Court of Appeal, which had been appealed from the First city court of New Orleans, the court held that Saturday was to be counted because, under the law as it then existed, Saturday was a half holiday only in the city of New Orleans, whereas the Court of Appeal for the Parish of Orleans, having Jurisdiction in other parishes where Saturday was not a half holiday, was required to entertain the filing of legal documents during the entire day. In other words, the decision is based upon the theory that Saturday was not a half holiday in the Court of Appeal for the Parish of Orleans, and we draw the inference from the opinion of the court that, had Saturday been a half holiday in this court, the point contended for by the relator would have been sustained."
Counsel for exceptor is also relying upon the case of Evans v. Hammer, 209 La. 442, 24 So.2d 814, 815. In this case, Evans obtained judgment against Harnmer without citation on a promissory note embodying a waiver of citation and confession of judgment. On June 17, 1930, Evans filed suit to prevent or interrupt the prescription of ten years and domiciliary service of citation and of a copy of the petition was made on that day. The District Court decided that the judgment rendered on March 29, 1938, in the suit brought on June 17, 1930, to interrupt the prescription of the original judgment dated June 21, 1920, was null because the judgment dated March 29, 1938, was rendered on confirmation of default, and less than two legal delays had elapsed between the entering of preliminary default on March 25, 1938, and the confirming of it on March 29, 1938.
While the Supreme Court did not rest its decision on this ground, it did discuss this condition and said:
"Taking up the first reason for which the district Court held that the judgment dated June 21, 1920, was prescribed, we take notice of the fact that the 25th day of March 1938, the day on which the preliminary default was entered in the suit to prevent prescription, was a Friday. See Calendar in Dart's Louisiana Gen.Stat., pp. 1030-1031. Therefore two full legal days did not elapse between the date on which the preliminary default was entered, March 25, 1939, and the date on which the judgment by default was confirmed, March 29, 1938. Article 312 of the Code of Practice requires that two days — not necessarily judicial days but excluding Sundays and legal holidays — shall elapse between the entering of a preliminary default and the confirming of the judgment by default. In this case, the first date following the 25th of March 1938 was Saturday, which, according to Act 289 of 1936, was a half-holiday, and hence only half of a legal day. The next day being Sunday, the only full legal day that elapsed before the day on which the judgment by default was confirmed was Monday, the 28th day of March 1938. Hence only a half-holiday and a Sunday and one full legal day elapsed between the day on which the preliminary default was entered and the day on which the judgment by default was confirmed, i.e. Tuesday March 29, 1938. The confirmation of the judgment by default therefore was premature. If a judgment by default is confirmed before the expiration of two legal days after the entry of the preliminary default, the judgment is null. Ward Jonas v. Graves, 11 La. Ann. 116; Taney v. Meilleur, 35 La. Ann. 117; Kelly, Weber 
Co. v. F. D. Harvey Co., 178 La. 266, 151 So. 201 Many Iron Works v. Kay, La. App., 151 So. 253; Frank v. Currie, La. App., 172 So. 843, certiorari denied April 26, 1937. In the latter case it was held point blank that where a statute requires a given number of days to elapse before a stated judicial proceeding may be had, Saturdays, being half-holidays, must be excluded in computing the number of days."
The Supreme Court did not mention nor refer to the juliani case or the Westmoreland case. However, it is probable, as stated by the District Judge, that it was not mentioned for the reason that Act No. 289 of 1936 was a General Holiday Statute and applied equally to the place where the District Court rendering judgment sat and the rest of the parish (Parish of Bienville) It will be noted that Frank v. Currie, supra, was cited in this case. *Page 855 
The Rady case arose in the Parish of Orleans and was tried in the Civil District Court for the Parish of Orleans. The City of New Orleans embraced the entire Parish of Orleans and, therefore, the Civil District Court for the Parish of Orleans had no jurisdiction outside such limits as it was confined to the limits of the Parish of Orleans. Therefore, any legal holiday which applied to the City of New Orleans would have applied to the Civil District Court for the Parish of Orleans.
In the case of Frank v. Currie, supra, the Court of Appeal cited the Rady case and also the Juliani case. The Court of Appeal held that as the question before them involved a suit that arose in the First City Court of New Orleans, whose jurisdiction was limited to the City of New Orleans, and the Holiday Act of 1932 which made a Saturday a legal half holiday in the City of New Orleans, that, therefore, it was a legal half holiday in so far as the City Court of New Orleans was concerned.
The case of Evans v. Hammer, supra, involved the Act of 1936 which was a general Holiday Statute and covered the entire parish of Bienville, and, as the matter arose in the District Court for the Parish of Bienville, Saturday, being a legal half holiday in the entire parish of Bienville under the Act of 1936, it was a legal half holiday in so far as the District Court was concerned.
[1, 2] The District Court for the Parish of East Baton Rouge does not now and did not in 1927 sit merely for the trial of cases arising in the City of Baton Rouge or involving only citizens thereof. It sits to hear all cases, including appeals from the decisions of Justices of the Peace of country wards, and all suits by the residents of such country wards. In other words, the jurisdiction of the East Baton Rouge Parish District Court covers the entire parish of East Baton. Saturday was, therefore, under the law as it existed at that time, not a legal holiday in so far as the entire parish of East Baton Rouge was concerned, but only within the city limits of Baton Rouge, and, therefore, was not a legal half holiday insofar as the District Court of the Parish of East Baton Rouge was concerned. On April 9, 1927, the District Court of the Parish of East Baton Rouge could have been convened and held for all purposes, and, therefore, the day was not dies non juridicus.
Therefore, the preliminary default was properly entered on April 11, 1927, and properly confirmed on April 14, 1927, and the judgment of the District Court overruling the exception of no cause or right of action was correct, as well as the judgment of the District Court on the merits in favor of the plaintiff, Bank of Commerce, reviving the original judgment therein, and said judgment of the District Court is, therefore, affirmed at the cost of the defendants.